[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

----------------------------------------

No. 05-11520
Non-Argument Calendar

----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 13, 2006
THOMAS K. KAHN
CLERK

D.C. Docket  No. 04-20039-CV-UUB

AHMED MAHGOUB,

Plaintiff-Appellant,

versus

MIAMI DADE COMMUNITY COLLEGE,

Defendant-Appellee.

----------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Florida
----------------------------------------------------------------

**(April 13, 2006)**

Before EDMONDSON, Chief Judge, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Ahmed Mahgoub, an Egyptian-born Muslim man of Middle Eastern descent, appeals the district court's order granting summary judgment in favor of his employer, Miami-Dade Community College ("MDCC"), on his claims of race, religion, and national origin-based hostile work environment, disparate treatment discrimination, and retaliation, in violation of Title VII, 42 U.S.C. § 2000e et seq.[1]  No reversible error has been shown; we affirm.

We review a district court's grant of summary judgment de novo, viewing the facts--as supported by the evidence in the record--and reasonable inferences from those facts in the light most favorable to the nonmoving party.  Young v. City of Palm Bay, Fla., 358 F.3d 859, 860 (11th Cir. 2004).  Summary judgment is proper where no genuine issue of material fact exists.  Id.

Mahgoub first challenges the district court's determination that his hostile work environment claims were untimely.  He asserts that he established a continuing violation up through his filing of a complaint with the Equal Employment Opportunity Commission ("EEOC") on 29 April 2003.  We disagree.

---

[1]Mahgoub also presented a claim under the Florida Civil Rights Act, Fla. Stat. § 760.01 et seq. But he makes no argument on appeal about the application of the FCRA: this claim is abandoned. See Greenbriar, Ltd. v. City of Alabaster, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989).

Before suing for discrimination under Title VII, an employee first must exhaust his administrative remedies by filing a timely charge of discrimination with the EEOC.  See Wilkerson v. Grinnell Corp., 270 F.3d 1314, 1317 (11th Cir. 2001).  For a charge to be timely in a deferral state such as Florida, it must be filed within 300 days of the last discriminatory act.  EEOC v. Joe's Stone Crabs, Inc., 296 F.3d 1265, 1271 (11th Cir. 2002).

Plaintiff points to four incidents establishing a hostile work environment.[2] The record is not clear about when each of these incidents occurred: Plaintiff's deposition testimony indicates only that these incidents occurred before or shortly after 11 September 2001.  Plaintiff has not carried his burden of showing that at least one incident occurred within 300 days of his 29 April 2003 EEOC filing.  See Nat'l R.R. Passenger Corp. v. Morgan, 122 S.Ct. 2061, 2068 (2002) (writing that hostile work environment claim should be reviewed in its entirety, as long as one act contributing to hostile environment took place within statutory time period). Plaintiff may not avoid summary judgment by claiming in his appellate brief, in conclusory fashion, that "at least one of the predicate acts occurred within" the

---

[2]Plaintiff claims that coworker Oscar Diaz twice made offensive remarks about Middle Easterners, once accompanying his remarks with a threatening physical gesture: punching the dashboard of the MDCC vehicle Plaintiff and Diaz were riding in.  Plaintiff also claims that his supervisor, Maria Halloran, and Diaz twice accused Plaintiff of being a terrorist and asked if Plaintiff knew the location of Osama Bin Laden.

3

300 day period, that the acts of harassment continued until he filed the EEOC charge, and that he "identified a horrific pattern or an entire continuum of conduct . . . within the limitations period." The district court properly concluded that Plaintiff's hostile work environment claim was untimely.

And regardless, as the district court determined, Plaintiff's hostile work environment claim fails on the merits. Plaintiff has identified four incidents, all involving offensive utterances and one accompanied by a threatening physical gesture, over an unspecified time. Plaintiff has not shown that the conduct interfered with his job performance: Plaintiff spent most of his work day away from the offenders. See Mendoza v. Borden, Inc., 195 F.3d 1238, 1246 (11th Cir. 1999) (en banc) (setting forth factors that courts use to analyze whether harassment was severe enough to alter terms and conditions of employment, including frequency and severity of conduct). Plaintiff has not established that the harassment objectively was severe or pervasive enough to alter the terms and conditions of his employment.

Plaintiff next argues that he established a prima facie case of national origin-based disparate treatment. He claims that he earned less than coworker Jimmie Howard, an African-American female, even though, when counting his years of part-time employment with MDCC, he had more seniority than Howard.

4

We doubt that Plaintiff has shown that he is similarly situated to Howard:  a requirement to establishing a <u>prima facie</u> case of disparate-treatment discrimination.[3]  <u>See</u> <u>Holifield v. Reno</u>, 115 F.3d 1555, 1562 (11th Cir. 1997) (stating that, to establish <u>prima facie</u> case of Title VII discrimination, plaintiff must show, among other things, that his employer treated more favorably similarly situated employees outside the plaintiff's protected group).  The record shows that MDCC based compensation on time of employment.  Howard had worked for MDCC as a full-time employee for 24 years.  But Plaintiff, had worked a total of 16 years for MDCC, and only the last 7 years as a full-time employee.

And even assuming that Plaintiff established a <u>prima facie</u> case of discrimination, he has not shown that MDCC's reason for the pay differential between Plaintiff and Howard--Howard's seniority--was a pretext for discrimination.  <u>See</u> <u>Holifield</u>, 115 F.3d at 1564-65 (if plaintiff establishes <u>prima facie</u> discrimination case, employer has burden of presenting legitimate, nondiscriminatory explanation for employment decision, which plaintiff then may rebut as pretext for discrimination).  The district court properly granted summary judgment on Plaintiff's disparate treatment claim.

---

[3]To the extent Plaintiff argues in his reply brief that other coworkers were proper comparators, Plaintiff failed to present this argument in his initial brief. We do not consider it. <u>See</u> <u>Hall v. Coram Healthcare Corp.</u>, 157 F.3d 1286, 1290 (11th Cir. 1998).

Plaintiff also contends that material issues of fact remain about his retaliation claim: he suggests, as he did for the first time in his response to MDCC's motion for summary judgment, that MDCC's denial of a raise in June 2004 was based on a false, negative performance evaluation. The district court addressed the merits of this claim. But we doubt that this claim properly is before us. Plaintiff filed his complaint in December 2003, months before the June 2004 raise denial.[4] And Plaintiff did not seek leave supplement his complaint to add this later retaliation claim.[5] See Gilmour v. Gates, McDonald & Co., 382 F.3d 1312, 1314-15 (11th Cir. 2004) (per curiam) (stating that plaintiff may not supplement complaint through argument in brief opposing summary judgment, but must comply with requirements of Fed.R.Civ.P. 15(a)).

Even if this claim properly is before the Court, Plaintiff is entitled to no relief. We assume that Plaintiff established a prima facie case of retaliation based on the denial of a raise after he filed an EEOC charge and this lawsuit. See Holifield, 115 F.3d at 1566 (setting forth elements of prima facie case of

---

[4]Our review of Plaintiff's complaint shows that he based his retaliation claim on (1) a denial of a promotion, and (2) raises given to employees with less experience. In his response to MDCC's summary judgment motion and in his appellate brief, Plaintiff only points to the June 2004 denial of a raise.

[5]That the district court denied relief on a different basis is of no concern: we may affirm the district court's decision for reasons different than those stated by the district court. See Turlington v. Atlanta Gas Light Co., 135 F.3d 1428, 1433 n.9 (11th Cir. 1998).

retaliation). But Plaintiff has not rebutted as pretextual MDCC's explanation for the denial of the raise: a poor performance evaluation supported by evidence that he failed to attend a required conference and that his supervisor believed that he sometimes failed to follow instructions. See Pennington v. City of Huntsville, 261 F.3d 1262, 1266 (11th Cir. 2001) (if plaintiff establishes prima facie retaliation case, employer may articulate legitimate, nonretaliatory explanation for employment decision, which plaintiff then must rebut as pretextual). The district court, thus, did not err in granting summary judgment on Plaintiff's retaliation claim.

AFFIRMED.