[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 10, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-12335
Non-Argument Calendar

_____

D. C. Docket No. 05-00835-CV-N

SHERRYL BYRD,

Plaintiff-Appellant,

versus

AUBURN UNIVERSITY MONTGOMERY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

**(March 10, 2008)**

Before ANDERSON, BLACK and HULL, Circuit Judges.

PER CURIAM:

Sherryl Byrd appeals the district court's grant of summary judgment in favor of Auburn University Montgomery (AUM) on her retaliation claim, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* Byrd asserts that AUM demoted her, in a CUPA[1] survey, in retaliation for her complaints about pay inequalities.[2] The district court did not err, and we affirm.

"We review *de novo* a district court's order granting [a] motion for summary judgment and construe all reasonable doubts about the facts in favor of the non-movant." *Gilmour v. Gates, McDonald and Co.*, 382 F.3d 1312, 1314 (11th Cir. 2004) (quotations omitted). "[T]o establish a *prima facie* case of retaliation under Title VII, a plaintiff must prove the following elements: (1) she participated in an activity protected by Title VII; (2) she suffered an adverse employment action; and (3) there is a causal connection between the participation in the protected activity and the adverse employment decision." *Gupta v. Fla. Bd. of Regents*, 212 F.3d 571, 587 (11th Cir. 2000). The Supreme Court has held that Title VII does not protect against all retaliation, but only retaliation that results in an injury or harm.

---

[1] CUPA is the College and University Professional Association for Human Resources. AUM participates in CUPA, which is a compensation survey for colleges and universities, showing how an institution's salaries compare to those of comparator institutions.

[2] As an initial matter, AUM argues that Byrd's claim is not properly before us as she advanced the claim for the first time in response to AUM's summary judgment motion. However, the district court addressed the issue involving Byrd's CUPA reclassification despite that the issue was impermissibly asserted for the first time in her response to AUM's summary judgment motion. Thus, we will address this issue because the district court addressed it.

*Burlington N. and Santa Fe Ry. Co. v. White*, 126 S. Ct. 2405, 2414 (2006).  In discussing the second prong of a *prima facie* retaliation case, the Supreme Court held that "a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination."  *Id.* at 2415 (quotations omitted).

Contrary to Byrd's assertion, her new job description in the CUPA survey was not a demotion because she remained Assistant Vice Chancellor for Student Affairs after her CUPA job description changed.  Additionally, the reclassification was not a retaliatory action against Byrd, but was based on the fact that the university discovered that it had been misreporting a number of individuals' positions, including Byrd's, and corrected the error by accurately reporting salaries and job titles to the survey.  As such, a reasonable employee would not have found the reclassification materially adverse or been dissuaded from making or supporting a charge of discrimination, as Byrd maintained her position as Assistant Vice Chancellor for Student Affairs and continued to receive raises, including one of over eight percent in 2005-2006.  *See Burlington Northern*, 126 S. Ct. at 2415.

As to Byrd's other claims of retaliation, she has also failed to establish an adverse employment action.  She was rated "commendable" on her performance

evaluation and received an 8.6% raise, and a reasonable employee would not have found this performance evaluation materially adverse or have been dissuaded from making or supporting a charge of discrimination. As to the letter from Vice Chancellor for Financial and Administrative Services Jacquilyn P. Roberts on overspent scholarship accounts and the e-mail from Vice Chancellor for Academic and Student Affairs Roger Ritvo regarding the staff classification and compensation study, these criticisms of Byrd's job performance did not have any adverse impact on Byrd's employment, which is evidenced by the fact that she continued to receive raises.  Further, Ritvo's instruction that she must consult with him about her employee's salary issues before going to other departments within the university, the misassignment of two student discipline cases, and being inadvertently left off of an e-mail are the ordinary tribulations of the workplace and petty slights that are not actionable.  *See Burlington Northern*, 126 S. Ct. at 2415 ("An employee's decision to report discriminatory behavior cannot immunize that employee from those petty slights or minor annoyances that often take place at work and that all employees experience.").

Viewing the facts in Byrd's favor, she failed to establish a *prima facie* case for retaliation because the evidence does not support a finding that she suffered an

4

adverse employment action. Thus, the district court did not err in granting summary judgment in favor of AUM.

**AFFIRMED.**