[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 17, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-14011
Non-Argument Calendar

_____

D. C. Docket No. 05-02659-CV-JEC-1

ROBERT FLOYD,

Plaintiff-Appellant,

versus

HOME DEPOT U.S.A., INC.,
d.b.a. The Expo Design Center,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(April 17, 2008)

Before BARKETT, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Robert Floyd, proceeding pro se and in forma pauperis, appeals the district

court's grant of summary judgment in favor of Home Depot U.S.A., Inc. ("Home Depot") in his employment discrimination suit under Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111 et seq., The Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq., and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000(e) et seq. In his complaint, Floyd claimed that Home Depot failed to accommodate his progressive blindness, interfered with his FMLA rights, terminated him for exercising his FMLA rights, and discriminated against him based upon race.

In his brief on appeal, Floyd reasserts facts that were contained in his original complaint, asserts new facts that were never presented to the district court, and makes no mention of the district court order, the district court's rulings, the ADA, the FMLA, or Title VII.[1] While we read briefs filed by pro se litigants liberally, Lorisme v. I.N.S., 129 F.3d 1441, 1444 n. 3 (11th Cir.1997), issues not briefed on appeal by a pro se litigant are deemed abandoned. Horsley v. Feldt, 304 F.3d 1125, 1131 n. 1 (11th Cir.2002). Accordingly, Floyd has abandoned all arguments on appeal. However, even if he had not abandoned his claims, for the reasons discussed below, the district court did not err when it granted summary

---

[1] To the extent that Floyd's brief raises new facts for consideration on appeal, because he failed to assert these before the district court, we will not consider them. Stewart v. Dept. of Health and Human Servs., 26 F.3d 115, 115-116 (11th Cir. 1994).

judgment to Home Depot on all of Floyd's claims.

## I.   FLOYD'S ADA CLAIMS

According to the record on appeal, Floyd made his supervisors at Home Depot aware in March of 2004 that vision problems were making it difficult to see the writing on the computer screen, and he could no longer work on the sales floor. Once aware of Floyd's disability, Home Depot allowed him to work as a temporary greeter at the store until April 12, 2004, when Floyd was no longer able to work. Based upon the record, the district court did not err in finding that Home Depot had made reasonable accommodations for Floyd's disability. See Talavera v. School Bd. of Palm Beach County, 129 F.3d 1214, 1217 (11th Cir. 1997).

In Floyd's response brief in opposition to the motion for summary judgment, Floyd did not respond to Home Depot's argument that there was no causal connection between Floyd's Equal Employment Opportunity Commission ("EEOC") charge and his termination which occurred five months later. Instead, Floyd argued that Home Depot retaliated against him by refusing to allow him the breaks he needed to care for his medical needs. Accordingly, the district court properly found that Floyd had abandoned his ADA retaliation termination claim. See Resolution Trust Corp. v. Dunmar Corp., 43 F.3d 587, 599 (11th Cir. 1995). Furthermore, the court correctly found that Floyd's new ADA claim was not

properly before the court because it was argued for the first time in his brief in opposition to Home Depot's motion for summary judgment.  See  Gilmour v. Gates, McDonald & Co., 382 F.3d 1312, 1315 (11th Cir. 2004).

## II.   FLOYD'S FMLA CLAIMS

Floyd produced no evidence to show that he had suffered any loss of income or incurred costs as a result of Home Depot's denial of his breaks– the alleged FMLA interference claim.  Thus, the court did not err when it concluded that there was no remedy available to Floyd as a result of Home Depot's conduct and summary judgment on his FMLA interference claim was appropriate.  See  Graham v. State Farm Mut. Ins. Co., 193 F.3d 1274, 1284 (11th Cir. 1999).

In his response brief in opposition to the motion for summary judgment, Floyd did not respond to Home Depot's argument for summary judgement. Instead, Floyd states that he was not arguing that his termination was retaliation under the FMLA.  Accordingly, the district court properly found that Floyd had abandoned his retaliation termination claim. See Resolution Trust, 43 F.3d at 599.

## III.   FLOYD'S TITLE VII CLAIMS

Floyd's initial complaint with the EEOC was filed on April 9, 2004 and alleged that Home Depot had violated his rights under the ADA because they had refused to accommodate his disability.  On November 1, 2004, Floyd filed an

4

amended complaint with the EEOC and alleged that Home Depot had discriminated against him on the basis of race and disability, and had retaliated against him. Floyd's amended complaint was not filed for the purpose of either curing an error in his initial complaint or to clarify the issues therein. Furthermore, the issue of racial discrimination did not even come up until Floyd filed his amended EEOC complaint. Thus, the district court did not err when it found that Floyd's allegations of racial discrimination did not relate back, and thus, were time barred.

In his brief in opposition to Home Depot's motion for summary judgment, Floyd failed to respond to Home Depot's argument that he could not state a prima facie case of hostile environment harassment because he could not show that the alleged conduct was severe or pervasive or altered the terms and conditions of his employment. Therefore, even if his claim were not time barred, he has waived this argument.

Moreover, to establish a prima facie case of disparate impact, Floyd had to show, among other things, that his employer treated similarly-situated employees outside of his protected class more favorably. Knight v. Baptist Hosp. of Miami, Inc., 330 F.3d 1313, 1316 (11th Cir. 2003). Floyd alleged that Home Depot had treated two white individuals more favorably than him. The district court found

5

that the two comparators were not similarly situated to Floyd, thus, Floyd could not make out a <u>prima facie</u> case of disparate treatment. Because the record supports the district court's conclusion, it did not err in granting Home Depot summary judgment on Floyd's disparate treatment claim.

Upon careful review of the record on appeal and consideration of the parties' briefs, we discern no error.

**AFFIRMED**.