[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-14296
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 10, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:09-cv-01517-RWS

WILMA GIBBS-MATTHEWS,

Plaintiff-Appellant

versus

FULTON COUNTY SCHOOL DISTRICT,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(June 10, 2011)

Before EDMONDSON, BARKETT and ANDERSON, Circuit Judges.

PER CURIAM:

Wilma Gibbs-Matthews, a black female, appeals the district court's grant of summary judgment in favor of Fulton County School District ("FCSD") on her discrimination and retaliation claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a), 3(a).[1]

## I.  DISCRIMINATION CLAIMS

In her brief on appeal, Gibbs-Matthews's statement of the issues does not include any challenge to the district court's ruling on her discrimination claims, and is limited to the district court's ruling on her retaliation claims.  She argues at the conclusion of her brief, without any further explanation, that "the summary judgment as to Gibbs-Matthews' race and sex discrimination claims was plain error," and that such "error in assessing evidence of discrimination is plain from the facts of the case." (Blue Br. at 41.)  However, she fails to provide any reasoning in support of this assertion, and thus has not sufficiently raised a challenge to these claims on appeal.  See Greenbriar, Ltd. v. City of Alabaster, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989) (declining to address the merits of an appeal where the appellate brief elaborated no arguments on the merits as to why the court was in error).  Moreover, even if we were to construe Gibbs-Matthews's

---

[1] This Court reviews a district court's order granting summary judgment *de novo*, viewing all of the facts in the record in the light most favorable to the non-moving party.  Moton v. Cowart, 631 F.3d 1337, 1341 (11th Cir. 2011).

brief as sufficiently raising this issue on appeal, we find no reversible error on this record in the district court's grant of summary judgment to FCSD on Gibbs-Matthews's discrimination claims.

## II. RETALIATION CLAIMS

Gibbs-Matthews also appeals the district court's grant of summary judgment on her claims that the FCSD retaliated against her for filing a discrimination complaint with the EEOC by (1) denying her a promotion; (2) reassigning her to a "temporary" position; and (3) telling a prospective employer not to hire her.

In order to establish a *prima facie* case for retaliation under Title VII, a claimant generally must show, among other things, that she suffered a materially adverse action of a type that would dissuade a reasonable employee from engaging in statutorily protected activity. Burlington N. and Santa Fe Ry. Co. v. White, 548 U.S. 53, 57 (2006). Moreover, there must be "a causal connection between the protected activity and the adverse employment action." Morgan v. City of Jasper, 959 F.2d 1542, 1547 (11th Cir. 1992).

We find no reversible error in the district court's grant of summary judgment on Gibbs-Matthews's retaliation claims based on the denial of a promotion or her reassignment to an allegedly temporary position. Gibbs-Matthews has failed to demonstrate that these incidents constituted materially

adverse employment actions of a type that would dissuade a reasonable employee from filing an EEOC discrimination charge. As to the promotion, Gibbs-Matthews testified that FCSD did not forbid her from applying for the position in question, but rather that she voluntarily refused to do so because she was insulted by the notion of having to apply. As to the reassignment to an allegedly temporary position, the record reflects that her new position was not actually temporary, but simply had a different, voter-approved source of funding. We find no reversible error in the district court's determination that a reasonable employee would not be dissuaded from filing an EEOC charge merely because the source of funding for her position changed to one that was approved by voters—particularly where, as here, her salary, benefits, and duties did not substantially change. Moreover, even though the funding for her position had the potential to expire in 2012, nothing in the record suggests that FCSD would not obtain funding from another source, or would terminate her in the event of expiration.

Finally, as to Gibbs-Matthews's claim that FCSD retaliated against her by informing a potential employer not to hire her, the district court concluded that FCSD was entitled to summary judgment on this claim because it was never raised in Gibbs-Matthews's complaint, but rather was raised for the first time in response to summary judgment. See Gilmour v. Gates, McDonald and Co., 382 F.3d 1312,

4

1315 (11th Cir.2004) (holding that plaintiffs are not permitted to raise new claims for relief at the summary judgment stage). The district court also found that FCSD was entitled to summary judgment on the merits of this claim because the record did not support the conclusion that the comment made to Gibbs-Matthews's prospective employer was related to her filing of an EEOC discrimination charge.[2] On this record, we cannot say the district court erred in granting summary judgment to FCSD on this retaliation claim.

For the foregoing reasons, the district court's grant of summary judgment to FCSD is affirmed.

**AFFIRMED.**

---

[2] Patrick Burke, Chief of Operations at FCSD, allegedly told a prospective employer that it would be best not to hire Gibbs-Matthews for work involving Fulton County Schools while a lawsuit was pending between Gibbs-Matthews and FCSD, and that it should consider hiring her instead for a different opportunity. However, Gibbs-Matthews had not yet filed her Title VII lawsuit at the time the statement was made, but had filed a different lawsuit in Dekalb County alleging slander, tortious interference with contractual and/or business relations, and violations of Georgia RICO. Thus, the district court found that the record did not support the conclusion that Mr. Burke's comment was related to Gibbs-Matthews's discrimination claims.