[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-15052
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-03025-MHS

RAY ANTHONY CHANEY,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(September 29, 2016)

Before HULL, MARCUS and JILL PRYOR, Circuit Judges.

PER CURIAM:

Federal inmate Ray Chaney, proceeding *pro se*, appeals the district court's grant of summary judgment to the United States on his claims arising out of (1) the government's failure to operate on his injured finger and (2) further injuries he suffered after falling while exiting a prison transport van. After careful consideration, we affirm the district court's judgment because Mr. Chaney failed to come forward with sufficient evidence to survive summary judgment on any of his claims.

## I.    FACTUAL BACKGROUND

Mr. Chaney is an inmate at the United States Penitentiary in Atlanta, Georgia.[1] Before his incarceration, Mr. Chaney injured his left hand in an automobile accident. Although Mr. Chaney had an operation on his hand shortly after the accident, he developed a Dupuytren contracture, which caused his left fifth finger to be set in a position where it bent toward the palm at a 90 degree angle. Because of the Dupuytren contracture, Mr. Chaney has almost no mobility in his finger and has experienced constant pain. While in prison, the condition of Mr. Chaney's finger worsened when he reinjured it while working out.

---

[1] Because Mr. Chaney's appeals the district court's summary judgment ruling in favor of the United States, we view the evidence in the light most favorable to him, the non-movant. *See Valderrama v. Rousseau*, 780 F.3d 1108, 1110 n.1 (11th Cir. 2015).

After reinjuring his finger, Mr. Chaney repeatedly sought medical care from the prison.  Dr. Martin, a physician at the prison, requested an orthopedic surgery consult for Mr. Chaney.  Dr. Martin's request for consultation was reviewed by the prison's Utilization Review Committee ("URC"), which forwarded it to the regional Utilization Review Committee ("Regional URC").  The Regional URC approved the consultation.

In March 2012, an orthopedic surgeon at Grady Hospital examined Mr. Chaney and determined that he would benefit from surgery.  The URC approved the surgery, which was scheduled for April 3, 2012 at Grady.  But the surgery was never performed.  Although Mr. Chaney alleged in his complaint that prison officials transported him to Grady for the surgery but then cancelled the surgery for financial reasons, the summary judgment evidence reflected that on the date of the surgery the prison failed to transport him to the hospital.  There is no evidence in the record addressing why Mr. Chaney was not taken to Grady for the surgery.

Mr. Chaney continued to request medical care for his finger, but subsequent consultations revealed that surgery was unnecessary.  Approximately three months after the scheduled surgery, Mr. Chaney returned to Grady, where a physician's assistant examined him and planned to consult with a physician to develop further treatment recommendations.

When Mr. Chaney returned to the prison from that appointment, he fell as he was exiting the prison van.  At the time of the fall, Mr. Chaney was wearing leg chains and a belly chain with handcuffs.  The leg chains caught on the van while Mr. Chaney was trying to exit and caused his fall.  And because Mr. Chaney was in handcuffs, he was unable to break his fall.  Officer Young, the prison official overseeing the transport, did not assist Mr. Cheney in exiting the vehicle.  Mr. Chaney claims the fall exacerbated his injury, resulting in unbearable and unmanageable pain.

Later that day, Dr. James Winston, a physician at the prison, examined Mr. Chaney.  He noted abrasions on Mr. Chaney's left hand and knee from the fall.  He also requested an orthopedic surgeon consultation for Mr. Chaney.  But the URC rejected the request for consultation as not medically necessary.

Approximately five months later, Dr. Winston again requested a consultation with a specialist to consider an operation on Mr. Chaney's finger.  In the referral, Dr. Winston asked whether it would be possible to guarantee normal position and function for the finger.  This time URC approved the consultation.  A year after the originally scheduled surgery, Dr. Finley of South Metro Bone & Joint examined Mr. Chaney and opined that it was unlikely surgery would return Mr. Chaney to normal function.

4

Some eleven months afterward, Dr. Rosario, a prison physician, requested another orthopedic consultation for Mr. Chaney.  After the URC approved the consultation, a hand surgeon at Grady examined Mr. Chaney.  Mr. Chaney complained to the surgeon about pain in his palm.  But the surgeon recommended against surgery because it would not alleviate Mr. Chaney's pain in his palm or improve his grip strength.

After Mr. Chaney fell out of the transport vehicle, he filed an administrative claim with the Bureau of Prisons ("BOP") seeking $50,000 in damages.  Mr. Chaney set forth two bases for his claim:  (1) prison officials had been deliberately indifferent to his serious medical by cancelling his appointment for hand surgery without reason and (2) prison officials were negligent by failing to assist him when he exited the transport vehicle.  The BOP denied the administrative claim.

Mr. Chaney subsequently sued the United States, Dr. Winston, Dr. Martin, the unnamed BOP Medical Director for the Southeast Region, and the URC in district court for the Northern District of Georgia. Mr. Chaney expressly pled his claims under the Federal Tort Claims Act ("FTCA").  His complaint, when liberally construed, also included claims against the named defendants alleging that he was entitled to a remedy under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), for violation of his Eighth Amendment rights.  Because Mr. Chaney brought claims under the FTCA, the district court

substituted the United States as the defendant in the action.  *See* 28 U.S.C. § 1346(b)(1).

Following discovery, Mr. Chaney and the government each moved for summary judgment.  In support of his motion, Mr. Chaney argued that government employees had been negligent in two distinct ways.  First, he asserted that prison officials were negligent by refusing to permit the surgery on his finger to go forward. Second, he contended that Officer Young was negligent when he failed to assist Mr. Chaney in exiting the prison transport vehicle.  Mr. Chaney also asserted that prison officials had violated his Eighth Amendment rights as they were deliberately indifferent to his serious medical need by refusing to allow the surgery.

In its summary judgment motion, the government characterized Mr. Chaney's negligence claim based on failure to provide medical treatment as a medical malpractice claim.  The government argued that it was entitled to summary judgment because Mr. Chaney had failed to come forward with evidence of breach or causation.  With respect to Mr. Chaney's claim that Officer Young was negligent by failing to assist him in exiting the prison transport vehicle, the government argued that because Officer Young's decision not to assist Mr. Chaney in exiting the vehicle was a discretionary decision, it could not be held liable under the FTCA.

In his response to the government's summary judgment motion, Mr. Chaney asserted that his negligence claim under the FTCA was not a medical malpractice claim. Instead, Mr. Chaney recast his claim as alleging an ordinary negligence claim arising from the failure of prison employees to provide transportation to his surgery after the URC approved the operation.

The magistrate judge recommended granting the government's motion and denying Mr. Chaney's motion. Mr. Chaney objected, but the district court ultimately adopted the magistrate judge's recommendations, granted the government's summary judgment motion, and denied Mr. Chaney's summary judgment motion. This is Mr. Chaney's appeal.

## II.    STANDARD OF REVIEW

We review the district court's grant of summary judgment *de novo*. *Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1318 (11th Cir. 2012). We must "draw all inferences and review[] all evidence in the light most favorable to the non-moving party." *Id.* (alteration in original) (internal quotation marks omitted). Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

"We hold the allegations of a *pro se* complaint to less stringent standards than formal pleadings drafted by lawyers." *Campbell v. Air Jam. Ltd.*, 760 F.3d

7

1165, 1168-69 (11th Cir. 2014).  Although we construe a *pro se* pleading liberally, "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Id.* (internal quotation marks omitted).

## III.    ANALYSIS

Mr. Chaney contends that the district court erred in granting summary judgment to the government.  He argues that the district court should have denied the government summary judgment on his claims that:  (1) prison officials were negligent when they failed to transport him to the hospital for his scheduled hand surgery; (2) prison officials were deliberately indifferent to his serious medical need in violation of the Eighth Amendment when they failed to provide him with surgery; and (3) Officer Young was negligent when he failed to assist Mr. Cheney in exiting the prison transport vehicle.[2]  We consider each claim in turn.

---

[2] Although Mr. Chaney's complaint could be construed to raise a negligence claim based on medical malpractice, Mr. Chaney told the district court that he was not raising a medical malpractice claim and has not argued in our Court that he asserted a medical malpractice claim. But even assuming that Mr. Chaney raised a medical malpractice claim, the district court properly granted summary judgment.  In FTCA cases, state law generally determines the extent of the United States' liability. *See Pate v. Oakwood Mobile Homes, Inc.*, 374 F.3d 1081, 1084 (11th Cir. 2004).  Under Georgia law, the plaintiff in a medical malpractice case "must present expert testimony establishing that the defendant's negligence either proximately caused or contributed to his injuries." *Beasley v. Northside Hosp., Inc.*, 658 S.E.2d 233, 236 (Ga. Ct. App. 2008).  Because Mr. Chaney came forward with no expert testimony establishing proximate cause, the government is entitled to summary judgment on the medical malpractice claim.

8

**A. Negligence Claim Based on the Prison's Failure to Transport**

Mr. Chaney contends that the district court erred in granting summary judgment because he had come forward with evidence showing that he was injured by the negligence of prison transportation employees who failed to bring him to his scheduled hand surgery.[3]  The district court refused to consider this claim because it was untimely as Mr. Chaney raised it for the first time in his response to the government's summary judgment motion.  We agree.

We have held that a plaintiff may not raise a new claim, and in effect amend his complaint, through argument in his brief opposing summary judgment. *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004). Instead, "[a]t the summary judgment stage, the proper procedure for plaintiffs to assert a new claim is to amend the complaint in accordance with [Federal Rule of Civil Procedure] 15(a)." *Id.*  We acknowledge that Mr. Chaney is a *pro se* litigant and that we must construe his complaint liberally.  Nonetheless, Mr. Chaney must follow procedural rules.  S*ee Albra v. Advan, Inc.*, 490 F.3d 826, 828-29 (11th Cir. 2007) (requiring *pro se* litigant to comply with Federal Rule of Civil Procedure 4(c) regarding service of process); *see also Goldsmith v. City of Atmore*, 996 F.2d

---

[3] Mr. Chaney repeatedly asserts that he was scheduled for hand surgery multiple times and that on each occasion prison officials failed to transport him to his scheduled surgery. Although the record reflects that Mr. Chaney had several consultations with surgeons regarding an operation on his hand, the evidence, viewed in the light most favorable to Mr. Chaney, reflects that only one surgery was scheduled.

9

1155, 1161 (11th Cir. 1993) (recognizing *pro se* litigant must comply with requirement in Federal Rule of Civil Procedure 8(a) that litigant include a demand for relief in her complaint). As such, even as a *pro se* litigant, Mr. Chaney cannot raise new claims in his brief opposing summary judgment. Accordingly, if Mr. Chaney's complaint, liberally construed, failed to raise a claim for negligence based on the prison's failure to transport, then the district court properly granted summary judgment to the government.

Liberally construing Mr. Chaney's complaint, we hold that it failed to allege a claim of negligence based on the government's failure to transport. The complaint alleged that the URC improperly conditioned approval of Mr. Chaney's surgery on the surgeon guaranteeing that the procedure would be a success. But it never alleged that prison officials failed to transport him to a scheduled surgery. Moreover, there are no allegations in the complaint that would support such a conclusion. Instead, Mr. Chaney alleged in his complaint that he was transported to the hospital for his scheduled surgery but that prison officials then cancelled the surgery at the last minute. Given this allegation and the absence of any allegation in the alternative that prison officials failed to transport him, the government could not have understood from the complaint that Mr. Chaney was alleging negligence based on prison officials' failure to transport him to a scheduled surgery. Because Mr. Chaney raised the failure to transport claim for the first time in his brief

10

opposing summary judgment, the district court properly refused to consider this claim and granted summary judgment to the government.

## B. Eighth Amendment Claim Based on Deliberate Indifference

Mr. Chaney also claims that prison officials violated his Eighth Amendment rights by delaying the surgery for his finger, which caused permanent injury. He argues that the district court erred by granting summary judgment on his deliberate indifference claim. We disagree.

Prison officials violate the Eighth Amendment when they act with deliberate indifference to an inmate's serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Prison guards may act with deliberate indifference by "intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Id.* at 104-05 (footnote omitted). To prevail on a claim of deliberate indifference based on delaying or denying medical care, a plaintiff must show (1) a serious medical need; (2) the defendant's deliberate indifference to that need; and (3) his injuries were caused by the defendant's deliberate indifference. *See Townsend v. Jefferson Cty.*, 601 F.3d 1152, 1158 (11th Cir. 2010). In order to establish a defendant's deliberate indifference, the plaintiff must show "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence." *Id.* (alteration in original) (internal quotation marks omitted). Subjective knowledge requires that a

defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Liberally construed, Mr. Chaney asserted in his complaint that Dr. Winston, Dr. Martin, the BOP's Southeast Regional Medical Director, and the URC in Atlanta acted with deliberate indifference to his medical need for surgery.[4] But at the summary judgment stage, Mr. Chaney failed to come forward with evidence from which a reasonable jury could conclude that any of these actors were deliberately indifferent.

First, there is no evidence showing that Dr. Winston or Dr. Martin disregarded a risk of harm to Mr. Chaney. These physicians treated Mr. Chaney at the prison and ordered orthopedic consultations to determine whether he needed surgery. Because the undisputed evidence shows that both physicians requested consultations from orthopedic specialists for Mr. Chaney's finger, no reasonable jury could conclude that either physician disregarded a serious risk of harm.

Second, Mr. Chaney has failed to come forward with evidence that the BOP's Southeast Regional Medical Director acted with deliberate indifference.

---

[4] We pause to differentiate the theories underlying Mr. Chaney's *Bivens* claim and his FTCA claim discussed in Section II.A above. In his *Bivens* claim, Mr. Chaney alleges that the named defendants provided him with inadequate medical care by refusing to perform or approve the hand surgery. But, in the FTCA claim, Mr. Chaney alleges in the alternative that although prison officials approved his hand surgery, prison employees responsible for transportation were negligent in failing to transport him to the scheduled surgery.

Indeed, because Mr. Chaney has come forward with no evidence of any action taken by the Medical Director, there is no evidence from which a reasonable jury could conclude that the Medical Director was aware of facts from which the inference that a substantial risk of harm to Mr. Chaney existed could be drawn and also drew the inference.

Third, there is no evidence showing that the URC (or its members) were deliberately indifferent. The record evidence shows that the URC approved surgery for Mr. Chaney in March 2012. Even assuming that a reasonable jury could infer the URC was responsible for delaying Mr. Chaney's scheduled hand surgery in March 2012, no reasonable jury could conclude that the URC was deliberately indifferent to his medical need. As we explained above, to establish deliberate indifference, Mr. Chaney had to show that the URC had subjective knowledge of a risk of harm, meaning it was aware of facts from which an inference that there was a risk could be drawn and also actually drew the inference. *See Farmer*, 511 U.S. at 837. Here, there is no evidence from which a reasonable jury could infer that the URC, or any of its members, actually drew the inference that Mr. Chaney faced a substantial risk of harm based on the delay or denial of surgery. Accordingly, we conclude that the district court properly granted summary judgment with respect to Mr. Chaney's Eighth Amendment claims.

13

### C. Negligence Claim Based on Mr. Chaney's Fall

Mr. Chaney also asserts that the district court erred in granting summary judgment on his FTCA claim alleging that Officer Young was negligent when he failed to assist him in exiting the prison's transport vehicle.  We discern no error.

The FTCA waives the sovereign immunity of the United States for claims for "personal injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment."  28 U.S.C. § 1346(b)(1).  But Congress excepted from this limited waiver "any claim . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government."  *Id.* § 2680(a).

We apply a two-part test to determine whether the discretionary function applies.  First, we consider "whether the conduct involves an element of judgment or choice, which will be the case unless a federal statute, regulation, or policy specifically prescribes a course of action embodying a fixed or readily ascertainable standard."  *Cranford v. United States*, 466 F.3d 955, 958 (11th Cir. 2006) (internal quotation marks omitted and citation omitted).  Second, we "ask whether the judgment or choice is grounded in considerations of public policy because the purpose of the [discretionary function] exception is to prevent judicial second-guessing of legislative and administrative decisions grounded in social,

14

economic, and political policy through the medium of an action in tort." *Id.* (internal quotation marks omitted). Accordingly, we focus on "the nature of the actions taken and on whether they are susceptible to policy analysis." *Id.* (internal quotation marks omitted).

Officer Young was engaged in a discretionary function when he decided not to assist Mr. Chaney in exiting the prison van. First, we conclude that Officer Young's challenged conduct involved an element of judgment or choice. Mr. Chaney has identified no federal statute, regulation, or policy that required Officer Young to provide physical assistance to inmates entering or exiting a transportation vehicle. And the government's evidence shows that prison officials retain discretion to decide whether to assist inmates exiting a transport vehicle.

Second, a prison official's decision whether to assist an inmate exiting a transportation vehicle is grounded in considerations of public policy. The decision about whether to provide physical assistance requires a prison official to weigh officer safety, public safety, and risks to the inmate. Given these policy considerations, we readily conclude that Officer Young was engaged in a discretionary function. Because the discretionary function exception applies, the district court properly concluded the government had not waived its sovereign immunity under the FTCA for this claim.

15

## IV.    CONCLUSION

For the foregoing reasons, we affirm the district court judgment.[5]

**AFFIRMED.**

---

[5] Mr. Chaney also argues on appeal that the district court abused its discretion when it (1) extended the deadline for the government to file its reply brief in support of its summary judgment motion and (2) declined to appoint Mr. Chaney counsel.  We find no abuse of discretion as to either issue.

16