A96A1326. GARDNER & WHITE CONSULTING SERVICES, INC.
v. RAY.
(474 SE2d 663)

BLACKBURN, Judge.

Gardner & White Consulting Services, Inc. (GWCS), the administrator of an employee health plan, appeals a bad faith jury verdict for attorney fees on the basis that the trial court erred in denying its

---

motions to dismiss and for directed verdict and in failing to properly charge the jury, all based on the contention that appellant owed no duty to appellee.

GWCS served as the plan's administrator by virtue of an administrative agreement it entered into with the County. The agreement provided that GWCS would handle all manner of administrative tasks associated with the plan, including the adjustment of all claims submitted by the participants. In performing its adjustment, GWCS was to determine the eligibility of all claimants and evaluate the validity of their various claims, conducting "such examination as [GWCS] considers reasonably necessary to the determination."

Other than providing the funds used to pay claims, the County did not participate in the initial adjustment process and became involved only when an appeal was lodged by a participant whose claim was denied. If GWCS initially found a claim to be valid, it had the authority to issue a check payable to the employee. Alternatively, if GWCS determined that a claim was not covered by the plan, it was authorized to issue the employee a denial stating the reasons therefor and to prepare a report on its finding to the County. Should an employee appeal GWCS's denial of benefits to the County, GWCS was obligated to assist the County during the appeals process.

Grady R. Ray was employed by the Emanuel County Board of Commissioners in August 1992. GWCS rejected Ray's claim for an October 1993 illness, a pin stroke, on the grounds that it was a preexisting condition not covered by the plan. Ray appealed directly to the County Board of Commissioners asserting that GWCS's finding was incorrect. According to the express provisions of the plan, "[a] condition will no longer be pre-existing after . . . 3 consecutive months during which no treatment is received." Ray contended that he had not received treatment for any problem related to his October 1993 illness in the three months that preceded it. Ray also offered evidence that GWCS had never consulted his treating physician when it evaluated whether his condition was pre-existing. After the Board of Commissioners denied Ray's appeal, he filed the underlying suit.[1]

On the eve of trial, the County settled its dispute with Ray. As part of the settlement, the County paid damages to Ray and agreed to "submit to the [trial court] the attorney fees issue." In return, the County was released. Ray then proceeded to trial solely against

---

[1] In addition to the denial of benefits for his own illness in October 1993, Ray also contested the County's determination not to provide benefits for the prior illnesses of his wife and stepdaughter, claiming that the County misled him into believing that he had dependent coverage at a time when he did not. These other claims involving Ray's family focus solely on the County and are not involved in this appeal.

GWCS. The only issue tried was whether GWCS was liable to Ray for attorney fees pursuant to OCGA § 13-6-11 in making the determination that his October illness was not covered by the plan. OCGA § 13-6-11 provides for the award of litigation expenses when one party has acted in bad faith.[2]

Finding in Ray's favor, the jury awarded him attorney fees in the amount of $19,204. On appeal, GWCS does not challenge the jury's determination that its action was taken in bad faith so as to justify the imposition of attorney fees. Rather, in three enumerations raising the same issue, GWCS argues that it never owed a duty to Ray in either tort or contract and, accordingly, the award of attorney fees was without basis.

Pretermitting the issue of whether GWCS owed Ray a duty in tort, Ray was the third-party beneficiary of the administrative agreement and thus had standing to bring the suit based on GWCS's alleged failure to exercise its implied duty of good faith and fair dealing in performing its adjustment obligations under the administrative agreement. See *Toncee, Inc. v. Thomas*, 219 Ga. App. 539, 543 (466 SE2d 27) (1995) (every contract imposes upon each of the parties an implied duty of good faith and fair dealing).

"The beneficiary of a contract made between other parties for his benefit may maintain an action against the promisor on the contract." OCGA § 9-2-20 (b); see *Kirby v. Chester*, 174 Ga. App. 881 (331 SE2d 915) (1985) (lender was third-party beneficiary of contract between attorney and borrower whereby attorney certified borrower's title to land which was to secure the loan). "The remedies available to the beneficiary are exactly the same as would be available to him if he were a contractual promisee of the performance in question." *Reaugh v. Inner Harbour Hosp., Ltd.*, 214 Ga. App. 259, 261 (447 SE2d 617) (1994).

GWCS asserts that Ray was not intended to be the primary beneficiary of the contract and therefore is without standing to sue on the administrative agreement. "In order for a third party to have standing to enforce a contract under OCGA § 9-2-20 (b) it must clearly appear from the contract that it was *intended* for his or her benefit. The mere fact that the third party would benefit from performance of the agreement is not alone sufficient." (Punctuation omitted; emphasis in original.) *Culberson v. Fulton-DeKalb Hosp. Auth.*, 201 Ga. App. 347, 349 (411 SE2d 75) (1991) (patient and her family were not beneficiaries of contract whereby hospital authority agreed to maintain a facility that would render medical care to the indigent);

---

[2] As GWCS was the plan's administrator, Ray could not sue GWCS for bad faith denial under OCGA § 33-4-6, a penalty provision which by its express terms applies only to insurers.

see also *Southeast Grading v. City of Atlanta*, 172 Ga. App. 798, 800 (324 SE2d 776) (1984) (minority-owned subcontractor was not the third-party beneficiary of a government construction contract containing a minority participation provision).

As authority that Ray should not be considered the intended beneficiary of the administrative agreement, GWCS cites to *Backus v. Chilivis*, 236 Ga. 500 (224 SE2d 370) (1976), wherein a group of citizens sued the company Glynn County hired to perform its ad valorem property appraisals, asserting that they were third-party beneficiaries of the company's contract with Glynn County. Their claim to standing was rejected by the Supreme Court. "[W]e think it is clear from the entire contract that the company's performance was to be rendered directly to the county for the county government's benefit." Id. at 502. We find *Backus* to be distinguishable. Unlike the present case, *Backus* did not involve a contract calling for the administration of a health care plan — the benefits of which the claimant had earned and was entitled to as an employee of the County. Rather, *Backus* involved the performance of certain duties *for the benefit of the County*.

The only function GWCS had was to determine whether or not employees were entitled to health benefits which they had earned as each claim was filed. It is clear that it was intended that this process be administered fairly for the benefit of the employee/claimants. While in *Backus*, any benefit to the private citizen by the appraisal function was indirect and merely incidental to the appraisal performed for the benefit of the County.

Moreover, unlike the agreement in *Backus*, GWCS did not render its performance directly to the County. Id. at 502. Rather, under the administrative agreement, GWCS was authorized to deal directly with plan participants and was authorized to pay a participant for a claim that it found to be valid or to inform a participant that his claim was being denied — all without County intervention. The County became involved in the adjustment process only when a plan participant appealed the denial of benefits by GWCS. While the County made the ultimate review, GWCS was initially and primarily obligated to be fair and just to claimants, including Ray.

The trial court did not err in denying appellant's motions to dismiss and for directed verdict or in refusing to charge the jury that appellant owed no duty to appellee. Neither did the court err in submitting the case to the jury which resolved the matter against appellant.

*Judgment affirmed. Beasley, C. J., and Birdsong, P. J., concur.*

DECIDED AUGUST 9, 1996 — 

Cheney & Cheney, Curtis V. Cheney, Jr., for appellant.
Savage & Turner, Brent J. Savage, Spivey, Carlton & Edenfield, J. Franklin Edenfield, for appellee.