[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 3, 2004
THOMAS K. KAHN
CLERK

No. 04-12229
Non-Argument Calendar

_____

D. C. Docket No. 03-00055-CV-2

TERRY GILMOUR,

Plaintiff-Appellant,

versus

GATES, MCDONALD AND COMPANY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(September 3, 2004)**

Before CARNES, HULL and GODBOLD, Circuit Judges.

PER CURIAM:

The central issue in this case is whether a non-moving party plaintiff may raise a new legal claim for the first time in response to the opposing party's summary judgment motion.[1] We hold it cannot.

Following the tragic events of September 11, 2001 in New York City, Terry Gilmour traveled to New Jersey to work as a volunteer for the Red Cross. After a week of service Gilmour became ill, and on September 30, her illness was diagnosed as Legionnaire's disease. Her illness quickly progressed to Adult Respiratory Syndrome, and she was placed on a respiratory device. As a result of her illness Gilmour suffered a stroke or brain lesion and required extensive and long-term medical treatment.

Gilmour's only insurance coverage was through a post-employment insurance plan mandated by federal law that eventually lapsed when she was unable to afford to pay the monthly premium pursuant to this plan. Red Cross offered $10,000 worth of limited insurance coverage to a staff member whose illness or injury is related to the disaster to which he or she is called. Gates, McDonald & Company administered this policy for Red Cross. Gilmour contacted Gates in October 2001 regarding coverage under the Red Cross policy. Gates responded by providing Gilmour with the necessary authorization paperwork,

_____

[1] This case overlaps factually with another case pending before this court, <u>Terry Gilmour v. American National Red Cross</u>, Docket No. 04-12025-H, Filed June 9, 2004.

2

which Gilmour returned on December 13, 2001.

In January 2002 Gates requested medical records from providers identified by Gilmour to process her coverage request. By March 2002 Gilmour's post-employment insurance coverage lapsed, and she was unable to procure treatment for her medical condition. After the last medical record was received in April 2002, Gates sent the claim to medical review staff who could not confirm that Gilmour's medical conditions were connected to her work with the Red Cross in New Jersey. In response Gilmour filed suit against Red Cross in July 2002. In January 2003 the Red Cross paid Gilmour $10,000.

On February 27, 2003 Gilmour commenced the present action against Gates in Georgia state court, asserting six causes of action: (1) negligent misrepresentation; (2) promissory estoppel; (3) bad faith and negligence per se; (4) infliction of emotional distress; (5) tortious interference with contract; and (6) a claim for attorney's fees. None of these causes of action asserted a claim against Gates based on the contract between the Red Cross and Gates. Gates removed the action to federal court on diversity grounds.

After discovery commenced Gates filed a summary judgment motion. In response Gilmour withdrew every claim except for the bad faith and negligence per se claims, the tortious interference with contract claim, and the claim for attorney's

3

fees. Additionally, Gilmour asserted a new claim based on "breach of duty" under contract law. This claim is premised on Gates breach of duty to Gilmour as a third party beneficiary by failing to properly administer her claim under the contract between Gates and the Red Cross. The court granted summary judgment on the three remaining counts but did not address the new "breach of duty" claim. This appeal followed.

Gilmour does not challenge the grant of summary judgment on the tort claims set forth in the complaint. Instead, she challenges the district court's failure to rule on the "breach of duty" claim raised in her response to Gates' summary judgment motion and the attorney fees issue. We affirm.

We review *de novo* a district court's order granting motion for summary judgment and construe "all reasonable doubts about the facts in favor of the non-movant." Browning v. Peyton, 918 F.2d 1516, 1520 (11th Cir. 1990).

In Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) the Supreme Court has mandated a liberal pleading standard for civil complaints under Federal Rule of Civil Procedure 8(a). This standard however does not afford plaintiffs with an opportunity to raise new claims at the summary judgment stage. Indeed, the "simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of

4

unmeritorious claims." Id. Efficiency and judicial economy require that the liberal pleading standards under Swierkiewicz and Rule 8(a) are inapplicable after discovery has commenced. At the summary judgment stage, the proper procedure for plaintiffs to assert a new claim is to amend the complaint in accordance with Fed. R. Civ. P. 15(a). A plaintiff may not amend her complaint through argument in a brief opposing summary judgment. Shanahan v. City of Chicago, 82 F.3d 776, 781 (7th Cir. 1996).

In Chavis v. Clayton County Sch. Dist., 300 F.3d 1288, 1291 n.4 (11th Cir. 2002), we noted that a newly minted § 1985(2) claim advanced to the district court in response to defendant's summary judgment motion but not addressed in the court's order was not properly before us. Other circuits have held similarly. See, e.g., Fisher v. Metro. Life Ins. Co., 895 F.2d 1073, 1078 (5th Cir. 1990) (allegation of improper benefits calculation not raised in second amended complaint but in response to summary judgment motion is not properly before court); Green Country Food Mkt., Inc. v. Bottling Group, LLC, 371 F.3d 1275, 1279 (10th Cir. 2004) (failure of plaintiff to cite to statutory provision did not put defendants on notice of need to defend against that claim).

Gilmour contends the issue of raising a new claim in response to a summary judgment motion was raised and decided in Plumbers and Steamfitters Local No.

150 Pension Fund v. Vertex Constr. Co., Inc., 932 F.2d 1443, 1448 (11th Cir. 1991). Vertex Constr. Co, however, concerned whether language in the complaint stating "entitled to audit the payroll, tax, and personnel records" encompassed a defined term "cash disbursement journals," not whether a new claim could be raised in response to a summary judgment motion. Id. Our decision in that case was guided by the pleading standard set forth in Fed. R. Civ. P. 8(a). That principle is inapplicable here.

Accordingly, Gilmour may not raise a contractual claim in her opposition to Gates' summary judgment motion. Gates had no notice of a contract claim based on the tort claims set forth in the complaint. Liberal pleading does not require that, at the summary judgment stage, defendants must infer all possible claims that could arise out of facts set forth in the complaint. The proper procedure for Gilmour to assert a new contract claim was to seek to amend her complaint.

Even if Gilmour were correct in her assertion that new claims may be raised by a non-movant in response to a summary judgment motion, her "breach of duty" claim is without support in the record. Under Georgia law Gilmour cannot maintain a contract action against Gates as a third party beneficiary where she cannot show from the face of the contract that it was intended to benefit her. See Florida Intern. Indem. Co. v. City of Metter, Ga., 952 F.2d 1297, 1300 n.10 (11th

6

Cir. 1992). Simply because Gilmour benefited from the performance of the contract between Gates and Red Cross does not afford her third party beneficiary status. See Satilla Cmty. Serv. Bd. v. Satilla Health Servs., 275 Ga. 805, 810 (2002).

Gilmour cites Gardner & White Consulting Servs., Inc. v. Ray, 222 Ga. App. 464 (1996) as authority for her breach of duty claim. Ray involved a third party administrator who handled claims for a group of employees specifically for their benefit. See id. at 467. Gilmour has not identified any contractual language indicating that she was an intended beneficiary. She assumes that because Gates acted as a third party administrator of the Red Cross policy it owed a duty to her. Georgia law does not support that assumption.

The only other issue raised on appeal that does not depend on this court's allowing Gilmour to raise a new claim in her response is whether the district court erred in granting summary judgment disallowing her claim for attorney's fees. The district court held that under Georgia law a claim for attorney's fees could not lie independently of the tort causes of action foreclosed by the summary judgment order. We agree.

The attorney's fees provision invoked by Gilmour in her complaint, O.C.G.A. Section 13-6-11, requires an underlying claim. See United Cos. Lending

Corp. v. Peacock, 267 Ga. 145, 147 (1996). Gilmour did not appeal from the

district court's summary judgment order on the tort claims.  As she did not amend

her complaint to assert any other claims, she has no underlying claim for attorney's

fees under O.C.G.A. § 13-6-11.

AFFIRMED.