[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

------------------------------------------

No. 07-14543
Non-Argument Calendar

------------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 28, 2008
THOMAS K. KAHN
CLERK

D.C. Docket No. 05-00199-CV-1-BAE

THOMAS K. McCAUGHEY,

Plaintiff-Appellant,

versus

BANK OF AMERICA, N.A.,

Defendant-Appellee.

------------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Georgia
------------------------------------------------------------------

**(May 28, 2008)**

Before EDMONDSON, Chief Judge, BIRCH and PRYOR, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Thomas K. McCaughey appeals the grant of summary

judgment in favor of Defendant-Appellee Bank of America, N.A. ("Bank"), in his

suit for breach of contract and equitable relief.[1] No reversible error has been shown; we affirm.

McCaughey's suit arises out of a failed commercial renovation project. In 1983, McCaughey and Joe Murphy formed Boxwood Associates ("Boxwood") -- a limited partnership -- to renovate a building in Augusta, Georgia. In 1984, as part of the financing for this project, the Bank issued an irrevocable letter of credit -- guaranteed by both McCaughey and Murphy -- to secure a $5.4 million bond issue sponsored by Boxwood. Boxwood agreed to reimburse the Bank for draws under the letter of credit. In April 1988, the Bank extended the letter of credit on the bond issue with only Murphy as guarantor; the Bank released McCaughey from personal liability on the letter.

The renovation project ultimately was unsuccessful. In October 1988, Murphy sued McCaughey in state court for various monies owed to Murphy as part of the Boxwood partnership including, among other things, obligations paid by Murphy on a 1986 Citibank letter of credit to secure a second bond issue. In 1989, while Murphy's litigation was pending, the Bank did not renew its letter of credit; and later, Boxwood became in default for its draws under the letter. The

---

[1]McCaughey originally filed his suit in Georgia state court, but the Bank removed it to federal court based on diversity of jurisdiction. See 28 U.S.C. §§ 1332(a), 1446.

Bank entered into settlement negotiations with Murphy for Boxwood's failure to reimburse it for the draws; and as part of the eventual settlement agreement, Murphy -- who had no other assets to offer -- assigned the Bank half of the proceeds of any recovery from his lawsuit against McCaughey. After protracted litigation, a jury awarded Murphy $487,500 for monies McCaughey owed him for valid partnership obligations on the Citibank letter of credit. As per the settlement agreement, Murphy gave the Bank half of the proceeds from the McCaughey litigation.

In his complaint, McCaughey alleged that the Bank breached the 1988 release agreement with him and held him indirectly liable for his personal guaranty on the letter of credit by collecting half of Murphy's recovery against him. McCaughey also raised claims of money had and received and unjust enrichment, arguing that he was entitled, as a matter of equity, to the proceeds Murphy paid to the Bank as part of the settlement agreement.[2]

The district court determined that McCaughey could not pursue his claims for equitable relief because an express contract -- the 1988 release agreement -- governed the relationship between him and the Bank. The district court also

---

[2]In addition, McCaughey raised a conspiracy claim; on appeal, he makes no arguments about this claim, and, thus, it is abandoned. See Denney v. City of Albany, 247 F.3d 1172, 1182 (11th Cir. 2001) (explaining that issues not briefed on appeal are abandoned).

determined that the Bank was entitled to summary judgment on McCaughey's breach of contract claim because the money the Bank received as a result of the McCaughey litigation was for Boxwood's indebtedness to Citibank, monies unrelated to the Bank's letter of credit and release agreement.

On appeal, McCaughey argues that the district court erred in granting summary judgment on his breach of contract claim because, even though Murphy recovered from him on obligations to Citibank, the funds went back to the Bank for losses incurred in guaranteeing the Boxwood project, in violation of the release agreement. We review a district court's grant of summary judgment de novo; and we view the evidence and all reasonable factual inferences in the light most favorable to the nonmoving party. Maniccia v. Brown, 171 F.3d 1364, 1367 (11th Cir. 1999).

Here, the district court correctly granted summary judgment to the Bank on the breach of contract claim. The 1988 agreement extending the Bank's letter of credit and releasing McCaughey provided that McCaughey, as the non-consenting party, would "have no personal liability to the Bank arising out of such additional extension of the Letter of Credit by the Bank . . . (specifically, but without limitation, no liability to the Bank for reimbursement of any draw, legal fees or commissions, under or in connection with the Letter of Credit as so extended), and

any liability of the non-consenting Party to the Bank arising out of such additional extension of the Letter of Credit shall be limited to the assets of Boxwood Associates." This provision clearly released McCaughey from personal liability on the letter of credit; thus, the Bank could not seek to hold him directly liable for indebtedness on the letter. But the release did not prevent the Bank from obtaining from Murphy -- still its debtor -- the proceeds from Murphy's lawsuit against McCaughey as part of Murphy's satisfaction of Boxwood's debts with the Bank; Murphy still was obligated on the letter. In addition, to the extent McCaughey was held liable for Boxwood's debts through the Murphy litigation, this liability was for Boxwood's indebtedness to Citibank, not the Bank; the Citibank debt was beyond the scope of the release agreement.

McCaughey next argues that, if the release did not constitute a contract, he should have been allowed to pursue his equitable claims of unjust enrichment and money had and received. McCaughey's argument has no merit. Here, the district court determined, and McCaughey admitted, that the 1988 release agreement governed McCaughey's relationship with the Bank. Because an express contract was present, McCaughey could not pursue equitable remedies. See CS-Lakeview at Gwinnett, Inc. v. Simon Prop. Group, 642 S.E.2d 393, 398 (Ga. Ct. App. 2007) (explaining that a claim for unjust enrichment is not available when there is an

5

express contract between the parties); Nat'l City Bank of Rome v. Busbin, 332 S.E.2d 678, 683 (Ga. Ct. App. 1985) (action seeking recovery for money had and received and action for unjust enrichment are not separate causes of action; former is merely one form of action to recover damages based on unjust enrichment).

McCaughey also argues that the district court erred in denying his post-judgment motion to amend his complaint to specify that he also was released from liability on the Bank's letter of credit by a 1989 document from the Bank's settlement negotiations with Murphy. He concedes that he made this argument for the first time in his reply to the Bank's summary judgment motion. We review a district court's decision about amending a complaint for an abuse of discretion. Hall v. United Ins. Co. of Am., 367 F.3d 1255, 1262 (11th Cir. 2004). Here, the court did not abuse its discretion. We first note that a party cannot amend his complaint to add a new claim through argument in a brief opposing summary judgment. Gilmour v. Gates, McDonald and Co., 382 F.3d 1312, 1314-15 (11th Cir. 2004). But McCaughey did not seek to amend his complaint until after the court already had granted summary judgment in favor of the Bank; he had ample time to seek to amend his complaint before the court dismissed his case. See Fed.R.Civ.P. 15(a) (after a responsive pleading has been served, a party may

amend his complaint only upon leave of court and the court may grant leave to amend freely when "justice so requires").[3]

AFFIRMED.

---

[3]Even if this 1989 document bore on this case, our analysis would not change because, as noted, McCaughey was held liable for partnership obligations to Citibank, not the Bank.