[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10679
Non-Argument Calendar
_____

D.C. Docket No. 2:10-cv-00110-LGW-JEG

BRENDA DAVIS,

Plaintiff-Appellant,

versus

JOSH COTHERN,
GLYNN COUNTY, GEORGIA,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____
(July 24, 2012)

Before JORDAN, ANDERSON and COX, Circuit Judges.

PER CURIAM:

Brenda Davis sued Josh Cothern (in his individual capacity) and Glynn County,

Georgia, asserting claims under 42 U.S.C. § 1983.  In her complaint, Davis alleges

that Cothern wrongfully arrested her and that he used excessive force during this arrest. She claims that Glynn County's policies authorized this unconstitutional arrest and use of force. The defendants filed a motion for summary judgment. The district court granted the motion in favor of both defendants and dismissed the case. Davis appeals.

Davis's appeal presents three issues for our consideration: (1) whether the district court erred by granting summary judgment based on qualified immunity on the claims asserted against Cothern in his individual capacity; (2) whether the court erred by granting summary judgment on the claim against Glynn County; and (3) whether Davis should have been allowed to assert new state law claims for the first time in her response to the defendants' motion for summary judgment.

"We review a district court's grant of summary judgment *de novo*, viewing the factual allegations in the light most favorable to the non-movant below." *Croom v. Balkwill*, 645 F.3d 1240, 1245 (11th Cir. 2011) (citing *Penley v. Eslinger*, 605 F.3d 843, 848 (11th Cir. 2010)).

We first address the grant of qualified immunity to Cothern. Davis's claims of wrongful arrest and excessive force rest on Cothern's decision to detain her during the investigation of a convenience store robbery. There is no dispute that Cothern was acting within his discretionary authority at the time of the detention. Thus, to

defeat a claim of qualified immunity at the summary judgment stage, Davis has the burden to demonstrate that Cothern's actions, when viewed in the light most favorable to Davis, violated a clearly established constitutional right. *See Hoyt v. Cooks*, 672 F.3d 972, 977 (11th Cir. 2012) (citing *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002)). Davis has not cited any case which clearly establishes that Cothern's conduct during the investigation of the robbery was unlawful. None of the cases cited in Davis's brief would have provided Cothern "fair warning" that his alleged treatment of Davis was unlawful. *See Hope v. Pelzer*, 536 U.S. 730, 741, 122 S. Ct. 2508, 2516 (2002). Therefore, the district court did not err by granting qualified immunity to Cothern.

Turning to Davis's claim against the county, we hold that the district court did not err by granting summary judgment on this claim. "[A] county is liable only when the county's 'official policy' causes a constitutional violation." *Grech v. Clayton Cnty., Ga.*, 335 F.3d 1326, 1329 (11th Cir. 2003) (en banc) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694, 98 S. Ct. 2018, 2037-38 (1978)). Therefore, Davis must identify a county policy that caused her injury. *Id.* (citations omitted). We agree with the district court that Davis has failed to produce any evidence of a Glynn County policy that caused her injuries.

To the extent Davis contends Glynn County should be liable because it failed to train Cothern, her claim still fails.  A municipality may only be liable under § 1983 if its inadequate training "amounts to deliberate indifference to the rights of persons with whom the police come into contact."  *Am. Fed'n of Labor & Cong. of Indus. Orgs. v. City of Miami, Fla.*, 637 F.3d 1178, 1188 (11th Cir. 2011) (quoting *City of Canton v. Harris*, 489 U.S. 378, 388, 109 S. Ct. 1197, 1204 (1989)).  "To establish a municipality's 'deliberate indifference,' a plaintiff must put forward some evidence that the municipality was aware of the need to train or supervise its employees in a particular area."  *Id.* at 1188-89 (citing *Gold v. City of Miami*, 151 F.3d 1346, 1350-51 (11th Cir. 1998)).  Davis has failed to put forth any evidence that Glynn County knew it needed to improve its training regarding the Fourth Amendment protections against wrongful arrest or excessive force.  Because Davis has failed to produce evidence necessary to support her claim against Glynn County, the district court did not err by granting summary judgment on this claim.

Regarding Davis's state law claims raised for the first time in her response to the defendants' motion for summary judgment, our precedent is clear: "At the summary judgment stage, the proper procedure for plaintiffs to assert a new claim is to amend the complaint in accordance with Fed.R.Civ.P. 15(a).  A plaintiff may not amend her complaint through argument in a brief opposing summary judgment."

4

*Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004) (citing

*Shanahan v. City of Chicago*, 82 F.3d 776, 781 (7th Cir. 1996)).  Thus, Davis failed

to properly raise these state law claims in the district court and we need not consider

them.  *See Thompkins v. Lil' Joe Records, Inc.*, 476 F.3d 1294, 1310 (11th Cir. 2007).

AFFIRMED.