[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-13944
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-01161-ODE


THADDEUS HOWELL,

Plaintiff-Appellant,

versus

UNNAMED DEFENDANT, et al.,

Defendants,

OFFICER C. WHITE,
SERGEANT MAYO,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(December 7, 2016)

Before ED CARNES, Chief Judge, HULL and WILSON, Circuit Judges.

PER CURIAM:

Thaddeus Howell appeals pro se from both the district court's order granting summary judgment to Officer Charles White and Sergeant Gloria Mayo and its order denying his request for discovery.  Howell claims that White and Mayo were deliberately indifferent to his medical needs while he was incarcerated as a pretrial detainee at the Clayton County Jail.

In the district court, White and Mayo filed a motion for leave to take Howell's deposition after the period to request discovery had closed.  The district court granted that motion, noting that discovery had been opened for the sole purpose of deposing Howell.  Howell then filed a motion for leave to take broader discovery, and White and Mayo filed a motion for summary judgment.  The district court referred both motions to the magistrate judge, who recommended denying Howell's motion and granting White and Mayo's motion.  The magistrate judge notified Howell that he had fourteen days to object to the report and recommendation and that failure to object meant that "any appellate review of factual findings and conclusions of law will be limited to a plain error review."

Howell filed objections as to the recommendation that summary judgment be granted, but he did not object to the recommendation that his motion for discovery be denied.  The district court overruled his objections, granted White and

2

Mayo's motion for summary judgment, and denied his motion for discovery. This is Howell's appeal.

We recount the following facts, to the extent they are disputed, in the light most favorable to Howell. See Haves v. Miami, 52 F.3d 918, 921 (11th Cir. 1995). While being processed into the jail, Howell was given a medical exam, and because his medical history included a neck injury and neck surgery he was given a bottom bunk designation. That designation meant that Howell was to be assigned to either an actual bottom bunk in a cell or to a mattress on the cell's floor. Howell was assigned to a mattress on the floor, but he opted to sleep in the top bunk because the floor was dirty, he feared being bitten by spiders, and there was a draft flowing from underneath the door. Because the bunks did not have ladders, inmates who slept on top bunks had to jump onto and off of the bed. And by jumping onto and off of the top bunk where he chose to sleep, Howell aggravated his neck injury, which caused him pain. Both White and Mayo knew that Howell had a bottom bunk designation but they refused to reassign him from the mattress on the floor to an actual bottom bunk.

We review de novo a district court's order granting summary judgment. See Chapman v. AI Transport, 229 F.3d 1012, 1023 (11th Cir. 2000). Under Federal Rule of Civil Procedure 56, summary judgment is appropriate if, when viewing the evidence in the light most favorable to the nonmoving party, the court

3

finds "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Haves, 52 F.3d at 921 (quotation marks omitted).

To overcome summary judgment on a deliberate indifference claim, a plaintiff must present evidence showing that he had a serious medical need, that the defendant acted with deliberate indifference in responding to or failing to respond to that need, and that the defendant's wrongful actions caused an injury. See Goebert v. Lee Cty., 510 F.3d 1312, 1326 (11th Cir. 2007). And to demonstrate that a defendant acted with deliberate indifference, a plaintiff must offer evidence showing "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than gross negligence." Id. at 1327 (quotation marks omitted).

Howell does not dispute that he had been assigned to a mattress on the floor, which the prison considers a bottom bunk assignment. He instead argues that the prison could not constitutionally require him to sleep on the floor and that, as a result, he had no choice but to sleep on the top bunk. Howell has not, however, brought a condition of confinement claim and instead first raised the illegality of the prison making him sleep on the floor in his response in opposition to the defendants' motion for summary judgment. See Gilmour v. Gates, McDonald, & Co., 382 F.3d 1312, 1315 (11th Cir. 2004) ("At the summary judgment stage, the

4

proper procedure for plaintiffs to assert a new claim is to amend the complaint in accordance with [Federal Rule of Civil Procedure] 15(a).  A plaintiff may not amend her complaint through argument in a brief opposing summary judgment.").

As a result, Howell has properly presented only claims for deliberate indifference to his serious medical needs.  And assuming that Howell established that his neck pain rose to the level of a serious medical need, he points to no evidence that White and Mayo acted with deliberate indifference.  White and Mayo were not deliberately indifferent to Howell's medical need for a bottom bunk assignment because Howell had been assigned to a bottom bunk, which they, in accordance with the prison's policy, considered to include a mattress on the floor.  We cannot hold White and Mayo responsible for Howell's decision to sleep on the top bunk, despite the fact that it hurt his neck.  Howell chose that over sleeping on his assigned mattress on the floor.  Because Howell has failed to raise a genuine issue of material fact about deliberate indifference, the district court did not err in granting summary judgment to White and Mayo.

As for Howell's appeal of the district court's denial of his motion for discovery, he did not object to the magistrate judge's recommendation that the motion be denied.  "A party failing to object to a magistrate judge's findings or recommendations . . . waives the right to challenge [them] on appeal . . . if the party was informed of the time period for objecting and the consequences on

appeal for failing to object." 11th Cir. R. 3-1.  While we can review unobjected-to conclusions for plain error "if necessary in the interests of justice," id., "[f]or there to be plain error, there must (1) be error, (2) that is plain, (3) that affects the substantial rights of the party, and (4) that seriously affects the fairness, integrity, or public reputation of a judicial proceeding."  Brough v. Imperial Sterling Ltd., 297 F.3d 1172, 1179 (11th Cir. 2002).  Any error in the denial of Howell's motion for discovery did not affect his substantial rights because he does not dispute that he was assigned to a mattress on the floor and that he instead chose to sleep on the top bunk.

**AFFIRMED.**