**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3233
_____

SHARIF JONES,
Appellant

v.

SHAWN TREECE, (Correctional Officer); KELLER, (G-block) Correctional Officer;
THOMAS JENKINS, (G-block) Correctional Officer; BROOKS, Sergeant, (G-Block)
Correctional Officer; SERGEANT RENNER; LIEUTENANT DEPHILLIPS, all defend-
ants are being sued in their individual and/or official capacities.
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
No. 2-16-cv-01453
Magistrate Judge: Hon. Maureen P. Kelly
_____

Argued: May 1, 2019
_____

Before: RESTREPO, PORTER, and FISHER,
*Circuit Judges*.

(Filed: May 20, 2019)

Amy McCrossen **[Argued]**
Jordan Winslow **[Argued]**
Duquesne University School of Law
600 Forbes Avenue
Pittsburgh, PA 15219

Adrian N. Roe
Roe & Simon
428 Boulevard of the Allies
Pittsburgh, PA 15219

     *Counsel for Plaintiff-Appellant Sharif Jones*

Brandon M. Eberle
Santicola Steele & Fedeles
722 Turnpike Street
Beaver, PA 15009

     *Counsel for Defendant-Appellee Shawn Treece*

Derek J. Illar **[Argued]**
Taylor Brailey
Eckert Seamans Cherin & Mellott
600 Grant Street
44th Floor, U.S. Steel Tower
Pittsburgh, PA 15219

     *Counsel for Defendant-Appellee Thomas Jenkins*

Kevin T. Freyder
Suite 102
60 West High Street
Waynesburg, PA 15370

     *Counsel for Defendant-Appellee Donald Keller*

————————

OPINION[*]

————————

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PORTER, *Circuit Judge*.

Prisoner Sharif Jones claims that three state corrections officers forced him to watch pornography, violating his Eighth Amendment rights, and sued them under 42 U.S.C. § 1983. The Magistrate Judge granted summary judgment for the officers. We will affirm.

I

In 1993, Jones was sentenced to life without parole for committing first-degree murder and armed robbery in the Philadelphia area. As of early 2016, Jones was jailed at the State Correctional Institution in Greene, Pennsylvania. In his initial pro se complaint, Jones claimed that while he was incarcerated at SCI-Greene, corrections officers forced him to watch pornographic videos and perform sexual acts on them and himself. Jones asserted federal constitutional claims against the six officers allegedly involved. The Magistrate Judge appointed pro bono counsel and the parties moved forward with discovery. About nine months later, the officers moved for summary judgment.

In the face of these motions for summary judgment, Jones dropped three defendants and narrowed his claims dramatically, limiting them to an Eighth Amendment conditions-of-confinement claim against three officers—Shawn Treece, Donald Keller, and Thomas Jenkins—for "deliberate indifference to his mental health in subjecting him to these pornographic materials." J.A. 415–16 n.2. The Magistrate Judge granted summary judgment for the officers, and Jones appealed.[1]

---

[1] This civil action involves a federal question, so the Magistrate Judge had jurisdiction under 28 U.S.C. § 1331. The parties voluntarily consented to having a magistrate judge conduct proceedings, satisfying 28 U.S.C. § 636(c)(l). We have appellate jurisdiction under

II

The Magistrate Judge granted summary judgment for the officers for two reasons. First, she found that Jones's Eighth Amendment conditions-of-confinement argument was a new claim first raised in response to the officers' motions for summary judgment (rather than pleaded in his complaint), so he did not properly plead it. Second, even if Jones properly pleaded his Eighth Amendment allegation, the Magistrate Judge held that this claim failed because of insufficient evidence. The Magistrate Judge was correct on both issues.

Starting with the first point, a plaintiff generally "may not amend his complaint through arguments in his brief in opposition to a motion for summary judgment." *Shanahan v. City of Chicago*, 82 F.3d 776, 781 (7th Cir. 1996). In briefing, Jones concedes that he "did not specifically, by name, allege an inhumane conditions of confinement action until he obtained advice of counsel." Appellant's Br. 13.[2] But Jones argues that this failure should be forgiven because his pro se complaint should be liberally construed to include this claim. Jones is correct that a pro se litigant's pleadings are liberally construed. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011). But "[l]iberal pleading does not require that, at the summary judgment stage, defendants must infer all possible claims that could

---

28 U.S.C. § 1291. "We exercise plenary review over a district court's order granting summary judgment, applying the same standard as the district court." *Young v. Martin*, 801 F.3d 172, 177 (3d Cir. 2015).

[2] In one paragraph, under the heading "legal claims," the complaint alleges "sexual harassment, sexual assault, cruel and unusual punishment, failure to protect, excessive force, and violation of due process," which violated "due process under [the] Fourth, Eighth and Fourteenth Amendments of the United States Constitution." J.A. 40–41.

4

arise out of facts set forth in the complaint." *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004). And in fact, while Jones filed his complaint pro se, he was later represented by counsel—who declined to amend the handwritten complaint in the nine months between appointment and summary judgment.

Second, even overlooking any pleading issues and considering Jones's claims on the merits, the officers were entitled to summary judgment because Jones did not provide evidence of an Eighth Amendment violation. An Eighth Amendment claim against a prison official must meet two requirements: (1) "the deprivation alleged must be, objectively, sufficiently serious"; and (2) the "prison official must have a sufficiently culpable state of mind." *Beers-Capitol v. Whetzel*, 256 F.3d 120, 125 (3d Cir. 2001) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). "In prison conditions cases, 'that state of mind is one of "deliberate indifference" to inmate health or safety.'" *Id.* (quoting *Farmer*, 511 U.S. at 834). Jones did not provide evidence supporting either requirement.

On the serious-deprivation requirement, the Magistrate Judge noted that Jones failed to support this allegation "with citations to any specific evidence or expert opinion." J.A. 22. Without that authority, the court could only "speculate as [to] the nature and degree of harm exposure to pornography might cause, and whether under the circumstances alleged, deliberately exposing [Jones] to pornography subjected him to unreasonably harmful conditions of confinement." J.A. 22. On the state-of-mind requirement, the Magistrate Judge determined that Jones did not establish that the officers "subjectively knew of the risk of

5

substantial harm to [Jones's] mental health caused by sexual harassment in the form of exposure to a pornographic video." J.A. 23.

Jones's complaint and summary judgment response show that the Magistrate Judge was right on both counts. In the complaint, Jones alleges that "[s]everal times," officers "forced [Jones] to watch a pornographic DVD." J.A. 32–33. Jones's summary judgment response is more detailed, but similarly bereft of evidence on the conditions-of-confinement claim. As the Magistrate Judge rightly held, the evidence in the response, "while certainly sufficient to establish that the alleged exposure to pornography served no penological interest, fails to raise a genuine issue of material fact as to either required element of his claim." J.A. 22. Thus, even crediting Jones's summary judgment response as having advanced his conditions-of-confinement claim, he still did not provide any evidence to support it.

* * * * *

In sum, Jones improperly raised his Eighth Amendment conditions-of-confinement claim in his summary judgment response. And even if we consider this claim properly pleaded, he did not support it with evidence—despite taking the officers' depositions and engaging in extensive discovery—so it fails. We will affirm the Magistrate Judge's order granting summary judgment for the officers.