[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-10839
_____

D.C. Docket No. 0:14-cv-61153-RNS


JOHN BERENE,
CAMRON LONGSON,

                                        Plaintiffs – Appellants,

versus

NATIONSTAR MORTGAGE, LLC, et al.,

                                        Defendants – Appellees.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 24, 2020)

Before JORDAN and NEWSOM, Circuit Judges, and WRIGHT,* District Judge.

PER CURIAM:

In 2014, John Berene and Camron Longson noticed what they perceived to be certain errors in the servicing of the mortgage on their South Florida home. Availing themselves of the consumer protection provisions in the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605, and Regulation X, 12 C.F.R. § 1024.35, they sent letters to the servicer, Nationstar Mortgage, LLC, advising of the errors. Nationstar, however, denied that any errors had occurred.

Mr. Berene and Ms. Longson filed suit in federal court for actual damages under RESPA, among other forms of relief, but while the suit was pending in district court, Nationstar reversed certain charges it had made on their account. Nationstar moved for summary judgment, and the district court granted the motion based in part on its conclusion that Mr. Berene and Ms. Longson had not presented evidence establishing their right to damages.

Mr. Berene and Ms. Longson have pressed forward on appeal, requesting damages they had not specifically pled or asked for in the district court. Following oral argument, and for the reasons that follow, we conclude that their failure to

---

* The Honorable Susan Webber Wright, Senior United States District Judge for the Eastern District of Arkansas, sitting by designation.

request certain damages at the district court forecloses Mr. Berene and Ms. Longson from doing so here.  We therefore affirm.

# I

Mr. Berene and Ms. Longson (the "Borrowers") own a home in Hollywood, Florida.  As a result of a 2007 refinancing, their home became subject to a first mortgage lien, with Nationstar acting as the current mortgage servicer.  As servicer, Nationstar handles accounting, customer service, and collection for the loan.

In November of 2008, Nationstar's predecessor, Aurora Loan Services, LLC, filed a foreclosure action in Florida state court, alleging that the Borrowers had defaulted on the loan by failing to make payments since July 1, 2008.  In December of 2013, the state court entered a judgment of foreclosure in favor of Nationstar, which had been substituted as the plaintiff.  The Borrowers did not file an appeal. The foreclosure judgment, however, was eventually vacated by the consent of the parties in December of 2014, after they entered into a loan modification agreement.

Shortly after the foreclosure judgment, but before the loan modification took place, the Borrowers, through counsel and pursuant to RESPA and Regulation X, sent Nationstar a "Qualified Written Request/Notice of Error."  The letter advised Nationstar of "serious errors" that had been made on the account, for example, "inappropriate application of charges for force-placed insurance" made by the Borrowers.  D.E. 119-1 at 1.  Specifically, the Borrowers alleged that they were

improperly charged for force-placed insurance despite the fact that their property was part of a townhouse association that had always been insured. Although the Borrowers acknowledged that some of those charges had been credited back to their account, they asserted that "much, if not all, of the claimed default is attributable to charges for force-placed insurance." *Id.* at 2.[1]

In attempts to comply with its obligations under RESPA and Regulation X, Nationstar sent a response ultimately denying any errors had occurred. "With regards to [the] concerns about the forced placed insurance," the letter stated, "our records indicate that escrow was added to the account [to] cover delinquent county taxes." D.E. 119-2 at 1 (alterations added). Nationstar's letter attached records of the relevant payment history and invited the Borrowers to submit any documentation that would indicate that the information was incorrect.

The Borrowers sent a second "Qualified Written Request/Notice of Error" dated March 12, 2014, complaining that Nationstar had failed to comply with its RESPA and Regulation X obligations and demanding that Nationstar correct the errors identified in the original letter. Regarding the force-placed insurance charges in particular, the second letter disputed Nationstar's assertion that there were no such

---

[1] The Borrowers' letter also complained that Nationstar had failed to properly credit payments from June and August of 2008. In its response, Nationstar explained the payments had been received but were credited to past-due months—April, May, and June of 2008. The Borrowers did not seek summary judgment regarding these payments, although they maintain that Nationstar's responses were insufficient. As a result, the payments are not at issue in this appeal, and we do not discuss them further.

4

charges.  The Borrowers provided additional details to explain why Nationstar's determination about the force-placed insurance was incorrect and attached supporting documents.  The letter ultimately concluded that "the entire foreclosure was wrongful" due to the servicer errors and the improper resulting charges.  D.E. 119-3 at 3.

In a second and more summary response, Nationstar declined to address the arguments in the Borrowers' follow-up letter.  Nationstar deemed the asserted error in the letter was "substantially the same as an error previously asserted, for which Nationstar has previously complied with its obligation to respond."  D.E. 119-4 at 1.[2]

Finding Nationstar's responses unsatisfactory, the Borrowers initiated an action in federal court in May of 2014.  After several rounds of motion to dismiss briefing, the Borrowers filed the operative third amended complaint, alleging violations of RESPA and Regulation X, as well as negligence per se under Florida state law against Nationstar.[3]

---

[2] The Borrowers sent Nationstar another notice of error letter, dated May 26, 2015, alerting that "[m]ultiple force-placed insurance charges have been placed on [the Borrowers'] loan account throughout the life of the loan."  D.E. 259-1 at 1 (alterations added).  The credits were applied to the Borrowers' account in April and June or July of 2015, when the lawsuit had been pending in the district court for over a year.  Because the 2015 notice of error letter was not the subject of the Borrowers' operative third amended complaint—which was filed after the letter—we do not include it in our analysis.

[3] The Borrowers initially alleged additional claims against other defendants besides Nationstar. All of those defendants have been dismissed from the case.

5

In October of 2017, the parties filed cross-motions for summary judgment. Nationstar argued, among other things, that the Borrowers' remaining claims were moot because of the loan modification, and that the undisputed facts belied any claimed damages. In their partial summary judgment motion, the Borrowers argued that the undisputed facts established that Nationstar had violated its RESPA obligations and caused cognizable damages in the form of force-placed insurance charges. Were the district court to grant summary judgment in their favor, the only issues left for trial, according to the Borrowers, would be of additional actual damages, statutory damages, and punitive damages.

In a thorough opinion, the district court granted Nationstar's motion and denied the Borrowers' motion. After analyzing the text of the letters and the attachments, the court concluded that the undisputed facts indicated that Nationstar's investigation was reasonable and that its explanations for the objected-to charges were adequate. The court also found that the Borrowers had not presented facts to support their entitlement to damages. The court explained that the Borrowers could not show their claimed damages were tied to Nationstar's letter responses, and therefore they could not show actual or emotional distress damages "as a result of" Nationstar's failure to comply with RESPA and Regulation X. Focusing on the force-placed insurance charges, the court stated that "even if these damages were in any way related to Nationstar's purportedly improper response to the 2014 letters,

6

there is no dispute that Nationstar has since credited the Borrowers' account for those charges."   Because the court found that the Borrowers had not suffered actual damages, it determined they could not press their claim for pattern-or-practice damages.  Finally, the court ruled that the negligence per se claim failed as a matter of law, and declined to address Nationstar's remaining arguments.  The Borrowers appealed, challenging only the district court's judgment as to their claims under RESPA and Regulation X.

## II

We review the district court's summary judgment order *de novo*, viewing all evidence and drawing all reasonable inferences in favor of the non-moving parties. *See Bank of Brewton v. Travelers Cos.*, 777 F.3d 1339, 1341–42 (11th Cir. 2015). Summary judgment is appropriate only where there is no genuine issue as to any material fact, such that judgment is appropriate as a matter of law.  *See* Fed. R. Civ. P. 56(c).  We may affirm a grant of summary judgment on any ground supported by the record.  *See Thompkins v. Lil' Joe Records, Inc.*, 476 F.3d 1294, 1303 (11th Cir. 2007).

## III

Regulation X, RESPA's primary implementing regulation, provides borrowers with a formal mechanism, the notice of error, to identify errors in the servicing of their mortgage loans and seek to correct them with the mortgage

7

servicers. *See* 12 C.F.R. § 1024.35(a). A mortgage servicer in receipt of a notice of error must generally respond by (1) correcting the error and providing a written notification of the correction, or (2) conducting a reasonable investigation and providing the borrower with a written notification that it has determined no error occurred, with reasons for the determination. *See* 12 C.F.R. § 1024.35(e)(1)(i)(A)–(B). RESPA provides for actual damages to the borrower as a result of a failure to comply with the statute, and additional damages for a pattern or practice of noncompliance. *See* 12 U.S.C.A. § 2605(f)(1). We have explicitly determined that "damages are an essential element in pleading a RESPA claim." *Renfroe v. Nationstar Mortg., LLC*, 822 F.3d 1241, 1246 (11th Cir. 2016) (citations omitted).

The district court granted summary judgment partly due to the Borrowers' failure to present facts supporting their actual damages claim. Because we affirm the district court on the ground that there is no genuine issue of material fact as to a lack of damages, we do not address the reasonableness of Nationstar's investigation or the sufficiency of its explanations in the correspondence.

There is no dispute that Nationstar refunded the Borrowers the erroneous force-placed insurance charges. Nevertheless, on appeal the Borrowers assert that they have suffered damages under *Renfroe*, and state that they are entitled to prejudgment interest and minimal damages associated with their renewed post-suit efforts to invoke the RESPA/Regulation X error resolution procedures in 2015. At

8

oral argument, the Borrowers indicated that nominal damages would be appropriate. *See* Oral Argument Recording at 10:06 ("The damages in this case would be nominal.").[4]

The problem with this claim for nominal damages is that it comes too late, as the Borrowers did not raise entitlement to such damages with the district court. As a general matter, issues not presented in the district court may not be raised for the first time on appeal. *See, e.g., Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004) ("[We have] repeatedly held that an issue not raised in the district court and raised for the first time in an appeal will not be considered by this court.") (citation and internal quotation marks omitted; alteration added). The need to raise or preserve a claim for damages is no different. *See Walker v. Anderson Elec. Connectors*, 944 F.2d 841, 844–45 (11th Cir. 1991) (holding that the district court did not err in failing to award nominal damages to a plaintiff who did not request a nominal damages charge or object to the lack of such a charge). The reason behind this rule is oft-stated and simple but bears repeating: we are in the business

---

[4] As discussed above, *see supra* note 2, the Borrowers did not allege violations of RESPA or Regulation X related to the 2015 letter in their complaint. They therefore could not seek damages based on the 2015 letter in their motion for summary judgment. *See Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004) (per curiam) ("A plaintiff may not amend her complaint through argument in a brief opposing summary judgment.") (citation omitted). *See also Hurlbert v. St. Mary's Health Care Sys., Inc.*, 439 F.3d 1286, 1297 (11th Cir. 2006) (determining that a plaintiff was not entitled to assert a new claim or fundamentally change the nature of an existing claim in the midst of summary judgment: "At the summary judgment stage, the proper procedure for plaintiffs to assert a new claim is to amend the complaint in accordance with [Federal Rule of Civil Procedure] 15(a).") (citation omitted and alteration added).

9

of reviewing trial court error, and to entertain a question never examined by the district court is to "deviate from the essential nature, purpose, and competence of an appellate court." *Access Now*, 385 F.3d at 1331.

The district court record reveals that the Borrowers failed to specify or request the nominal damages they now request on appeal. The operative complaint mentioned actual damages, statutory damages, attorney's fees, litigation costs, emotional distress damages, and punitive damages. In their motion for partial summary judgment, the Borrowers stated that Nationstar's actions caused them damages in the form of unwarranted charges for force-placed insurance, which are cognizable under RESPA—despite the fact that those charges had been reversed at the time of the filing. In response to Nationstar's motion for summary judgment, which alleged a lack of damages, the Borrowers only referenced the same force-placed insurance charges "[giving] rise [to] additional debt encumbering Plaintiffs' home even after they loan modification took effect, *until they were ultimately removed*." D.E. 268 at 6 (emphasis and alterations added). The Borrowers' response also mentioned emotional distress arising from the allegedly inadequate responses to the Borrowers' notice of errors letters, as well as punitive damages, but not nominal damages. In sum, nowhere in the Borrowers' complaint, summary judgment response, or in their own summary judgment briefing is there any mention

of nominal damages, prejudgment interest, or damages associated with sending the 2015 RESPA correspondences.[5]

In an effort to overcome these pleading defects, the Borrowers rely on *Renfroe*. In their motion for summary judgment below, and on appeal, they argue that *Renfroe* "holds that the continued assessment of inappropriate charges constitutes damages that are cognizable under RESPA." D.E. 260 at 8. But, as the district court recognized, *Renfroe* does not do a fraction of the work the Borrowers want it to. Notably, it was decided at the motion to dismiss stage. *See Renfroe*, 822 F.3d at 1243. More critically, however, the mortgage servicer in *Renfroe* (also Nationstar) refused to refund erroneous charges. *See id.* at 1246–47. *Renfroe*

---

[5] Nominal damages have been awarded where no actual damages exist, frequently to vindicate constitutional rights which have been violated. *See Carey v. Piphus*, 435 U.S. 247, 266 (1978) (mandating award for nominal damages upon finding procedural due process violation even though no actual injury had been shown). Nominal damages may also be available as a discretionary matter for statutory violations. *See Carver Middle Sch. Gay-Straight Alliance v. Sch. Bd. of Lake Cty.*, 842 F.3d 1324, 1331 (11th Cir. 2016) (collecting cases). Without opining on whether nominal damages are available under RESPA, we note that a claim for nominal damages can be waived, just like any other damages claim, even in certain constitutional cases. *See Oliver v. Falla*, 258 F.3d 1277, 1282 (11th Cir. 2001) (holding that a request for nominal damages was not automatic in an Eighth Amendment excessive force case and could be waived); *Walker*, 944 F.2d at 844–45 (affirming the district court's denial of a post-trial motion for nominal damages in a Title VII action where the plaintiff had not requested a charge on nominal damages or objected to the court's failure to make such charge). Several other courts have come to the same conclusion. *See Oliver*, 258 F.3d at 1281 (collecting cases in which plaintiffs waived nominal damages). We have no difficulty concluding that the Borrowers waived nominal damages because they did not seek them as a remedy below, and indeed, raised the possibility of nominal damages specifically for the first time at oral argument. *Cf. Wilding v. DNC Servs. Corp.*, 941 F.3d 1116, 1132 (11th Cir. 2019) (declining to allow plaintiffs to supplement their complaint at oral argument by specifying factual allegations of injury resulting from the defendants' conduct in order to establish standing).

11

therefore concluded that "[w]hen a plaintiff plausibly alleges that a servicer violated its statutory obligations and as a result the plaintiff did not receive a refund of erroneous charges, she has been cognizably harmed." *Id.* (alteration added).  But as all parties agree here, Nationstar has credited the wrongfully applied charges.  And the Borrowers have not alleged or produced any evidence that they were harmed by the delay in getting the refunds to the wrongfully imposed charges.  *Renfroe* thus provides an inapt comparison.  Further, our concern that servicers would be able to circumvent RESPA liability by claiming there was no error and correcting the error in the future, *see id.* at 1246, is not present here.  Nationstar has corrected its past errors through the refunds and the Borrowers have every ability to initiate the RESPA-mandated notice of error procedures for possible future violations.

## IV

Given the Borrowers' failure to request nominal damages, prejudgment interest, or damages associated with their 2015 RESPA correspondence in the district court, they cannot seek such relief on appeal.  Accordingly, there is no genuine issue of material fact as to damages and the district court's judgment is therefore affirmed.

**AFFIRMED.**

12