[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————————

No. 22-11182

————————————————

MANUEL BALBIN,

Plaintiff-Appellee,

*versus*

ALEXIS JOHNSON,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:21-cv-22712-DMM

————————————————

2                    Opinion of the Court                    22-11182

Before WILLIAM PRYOR, Chief Judge, and GRANT and LUCK, Circuit Judges.

PER CURIAM:

Manuel Balbin was a pre-trial detainee at the Metro-West Detention Center in Miami, Florida.[1]  During Balbin's detention, Alexis Johnson—a corrections officer for the Miami-Dade Corrections and Rehabilitation Department—reported Balbin for indecent exposure, resulting in a misdemeanor charge against him on January 10, 2020.  The charge was dismissed two months later after the state nolle prossed the case.

On November 22, 2020, Officer Johnson entered and searched Balbin's cell.  She "headed directly to [Balbin's] assigned bunk" and "started grabbing" his property, which was on the empty bed directly above his assigned bunk.  Officer Johnson threw away the items she grabbed, including legal documents and two book manuscripts.  Balbin asked Officer Johnson why she was throwing away his property.  She responded, "You beat the charge I gave you in court, now I'll make you pay."  Officer Johnson then packed Balbin's remaining belongings and moved him to another cell.

On July 27, 2021, Balbin sued Officer Johnson and several other government officials under 42 U.S.C. section 1983.  After

---

[1] We "accept[] the facts alleged in the complaint as true and draw[] all reasonable inferences in the plaintiff's favor." *Jackson v. City of Atlanta*, 97 F.4th 1343, 1350 (11th Cir. 2024).

screening the complaint, as required by 28 U.S.C. section 1915A, the district court dismissed Balbin's claims except for one—a First Amendment retaliation claim against Officer Johnson in her personal capacity. As to that claim, Balbin alleged that Officer Johnson threw away his legal documents and book manuscripts "in retaliation for . . . beating a criminal charge [she] put on [him]." He sought $1,000,000 in compensatory damages for his lost manuscripts and $500,000 in punitive damages.

Officer Johnson moved to dismiss the First Amendment retaliation claim based on qualified immunity, but the district court denied the dismissal motion for three reasons. First, the "bald assertion that [Officer Johnson's] discretionary duties as a correction[s] officer included throwing out [Balbin's] legal and personal materials as alleged in the [c]omplaint" did not meet her burden to establish that she was acting within her discretionary authority. Second, even if Officer Johnson acted within her discretionary authority, Balbin alleged a violation of his First Amendment right to be free from retaliation. Third, it was clearly established in November 2020 that Balbin's right was violated when Officer Johnson searched his cell and threw away his things. Officer Johnson appeals the denial of qualified immunity.

We review de novo a district court's denial of qualified immunity on a motion to dismiss. *Jackson*, 97 F.4th at 1350. "Qualified immunity generally shields government officials from liability for civil damages 'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable

person would have known.'" *Simmons v. Bradshaw*, 879 F.3d 1157, 1162 (11th Cir. 2018) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

An official raising qualified immunity in a motion to dismiss has the initial burden of establishing that she was acting within the scope of her discretionary authority. *Est. of Cummings v. Davenport*, 906 F.3d 934, 940 (11th Cir. 2018). If the official makes that showing, "the burden shifts to the plaintiff to establish that qualified immunity is not appropriate." *Maddox v. Stephens*, 727 F.3d 1109, 1120 (11th Cir. 2013). "To do that, the plaintiff must demonstrate . . . the following two things: (1) that the defendant violated [his] constitutional rights, and (2) that, at the time of the violation, those rights were clearly established in light of the specific context of the case, not as a broad general proposition." *Gaines v. Wardynski*, 871 F.3d 1203, 1208 (11th Cir. 2017) (quotation omitted) (cleaned up).

Applying this qualified-immunity framework here, we first must determine whether Officer Johnson was acting within her discretionary authority when she searched Balbin's cell and seized his belongings. Our inquiry into the scope of a corrections officer's discretionary authority is a question of law. *Holloman ex rel. Holloman v. Harland*, 370 F.3d 1252, 1267 (11th Cir. 2004). An officer's actions are discretionary if "they are of a type that fell within [her] job responsibilities." *Id.* at 1265. To determine whether the alleged actions were within a corrections officer's discretionary authority, "we look to the general nature of [her] action, temporarily putting aside the fact that it may have been committed for an

unconstitutional purpose, in an unconstitutional manner, to an unconstitutional extent, or under constitutionally inappropriate circumstances." *Id.* at 1266.

Because "[a] detention facility is a unique place fraught with serious security dangers," including the "[s]muggling of money, drugs, weapons, and other contraband," it is within a corrections officer's discretionary authority to conduct searches of inmate living areas to maintain prison security. *Bell v. Wolfish*, 441 U.S. 520, 557, 559 (1979); *see also Powell v. Barrett*, 541 F.3d 1298, 1310, 1314 (11th Cir. 2008) (en banc) (upholding strip searches as part of a jail's booking process to prevent the smuggling of contraband). Corrections officers need "[u]nfettered access" to prison cells "if drugs and contraband are to be ferreted out and sanitary surroundings are to be maintained." *Hudson v. Palmer*, 468 U.S. 517, 527 (1984). Disposing of property—including contraband, trash, or other items that make the prison unsafe or unsanitary—is a "necessary step[]" to maintain prison security. *See id.* at 526.

Searching Balbin's cell for contraband was within Officer Johnson's discretionary authority, so the burden shifted to Balbin to allege that Officer Johnson violated his right to be free from retaliation under the First Amendment. We have held that an inmate's First Amendment rights are violated when a prison official retaliates against the inmate for exercising his right to free speech. *See O'Bryant v. Finch*, 637 F.3d 1207, 1212 (11th Cir. 2011) (quoting *Farrow v. West*, 320 F.3d 1235, 1248 (11th Cir. 2003)). To state a First Amendment retaliation claim, "the inmate must establish

that: '(1) his speech was constitutionally protected; (2) the inmate suffered adverse action such that the [official's] allegedly retaliatory conduct would likely deter a person of ordinary firmness from engaging in such speech; and (3) there is a causal relationship between the retaliatory action . . . and the protected speech.'" *Id.* (first alteration in original) (quoting *Smith v. Mosley*, 532 F.3d 1270, 1276 (11th Cir. 2008)).

Balbin's claim fails at the first step. In his complaint, Balbin asserted that Officer Johnson retaliated against him for "beating a criminal charge [Officer] Johnson put on [him]." He did not contend that Officer Johnson's actions were based on anything that he said, wrote, expressed, or otherwise communicated. Instead, Balbin alleged that Officer Johnson's search was conducted in response to the outcome of the misdemeanor case, which was dismissed by the state. The dismissal of a criminal charge is an action by the state, and not speech by the defendant.

Balbin responds that pleading "not guilty" to his misdemeanor charge was constitutionally protected speech under the First Amendment. While the district court relied on Balbin's "not guilty" plea to conclude that he alleged a violation of his First Amendment right, Balbin's complaint did not allege that he pleaded "not guilty," or that he was retaliated against for pleading "not guilty" to the misdemeanor charge.

The first time the "not guilty" plea came up was in Balbin's response to Officer Johnson's dismissal motion. But a plaintiff cannot amend his complaint through a response to a motion to

22-11182               Opinion of the Court                    7

dismiss. *Cf. Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004) (stating that "[a] plaintiff may not amend [his] complaint through argument in a brief opposing summary judgment"); *Adams ex rel. Kasper v. Sch. Bd. of St. Johns Cnty.*, 57 F.4th 791, 799 n.2 (11th Cir. 2022) (en banc) (explaining that a plaintiff "cannot amend the complaint by arguments made in an appellate brief"). The only retaliation allegation actually in the complaint was that Balbin beat the misdemeanor charge, and that Officer Johnson retaliated for that reason—not because of the "not guilty" plea. Beating a charge is not speech.

Because Balbin did not allege a constitutional violation, he did not meet his burden to overcome Officer Johnson's claim of qualified immunity. The district court, therefore, erred in denying the dismissal motion. We reverse and remand for further proceedings in the district court.

**REVERSED AND REMANDED.**