[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 18-12675
Non-Argument Calendar

————————————————

D.C. Docket No. 1:16-cv-04228-WSD

CONSTANTINE VARAZO,

Plaintiff - Appellant,

versus

KEISER CORPORATION,

Defendant - Appellee.

————————————————

Appeal from the United States District Court
for the Northern District of Georgia

————————————————

(November 30, 2018)

Before NEWSOM, BRANCH, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Constantine Varazo injured his finger while moving an exercise bike manufactured by Keiser Corporation.  Varazo sued Keiser, claiming that Keiser "placed a defective product in the stream of commerce," for which Keiser was strictly liable.  Varazo also alleged that Keiser's design and manufacturing were negligent and that the negligence proximately caused his injury.  Last, Varazo asserted that Keiser "breached the warranty of merchantability and fitness for a particular purpose" by placing the defective bike in the stream of commerce.

The district court granted Keiser's motion for summary judgment, and Varazo now appeals.  Before us, Varazo contends that summary judgment should be reversed and that his claims—now (re)formulated to allege that Kaiser "fail[ed] to provide adequate warnings" about moving the bike, as well as that the bike had manufacturing and design defects—should be submitted to a jury.  Reviewing the district court's grant of summary judgment in favor of Keiser *de novo*, *Hurlbert v. St. Mary's Health Care Sys., Inc.*, 439 F.3d 1286, 1293 (11th Cir. 2006), we affirm.

**I**

Verazo did not raise his failure-to-warn claim either in his initial Complaint, his First Amended Complaint, or his Second Amended Complaint.  Before Verazo filed his Second Amended Complaint—which was necessary as a second attempt to adequately allege the diverse citizenship of the parties—the district court warned

Verazo that it would "not allow [him] any further opportunities to amend." Because he was unable to add a failure-to-warn claim after filing his Second Amended Complaint, Verazo instead attempted to amend through a "Supplemental Clarification of Plaintiff's Claims," which he filed after Keiser submitted its Motion for Summary Judgment.

This "Supplemental Clarification" is an impermissible attempt to amend at the summary judgment stage. It is well settled that "[a] plaintiff may not amend [his] complaint through argument in a brief opposing summary judgment." *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004) (citation omitted). And at summary judgment we do not expect defendants to "infer all possible claims that could arise out of … the complaint." *Id.* Verazo's proper avenue to advance his failure-to-warn claim was "to seek to amend [his] complaint," which he failed to do. *Id.* We affirm the district court's grant of summary judgment in favor of Keiser on the failure-to-warn claim.

## II

Verazo next presses his manufacturing- and design-defect claims. The defect, he claims, is "Keiser's failure to warn of the dangers associated with moving the exercise bike." Verazo's own phrasing reveals that his defect-related claims are merely repackaged versions of his failure-to-warn claim; both the

3

manufacturing- and design-defect claims fail for the same reasons the failure-to-warn claim fails.

Moreover, and in any event, the defect claims fail independent of the failure-to-warn claim. To establish a claim for a manufacturing defect—in which we assume that the product design is safe—Verazo must compare the bike to a properly manufactured bike from the same product line. *Banks v. ICI Americas, Inc.*, 450 S.E.2d 671, 672–73 (Ga. 1994). Verazo never claims, however, that the specific bike that he picked up, moved, and was injured by is distinct from any other bike in that product line. Accordingly, there is no material issue of fact regarding the manufacture of the bike, and Keiser is entitled to summary judgment.

The design-defect claim likewise fails. Georgia uses a "risk-utility" analysis to assess design defects in product-liability cases. *Carmical v. Bell Helicopter Textron*, *Inc.*, 117 F.3d 490, 495 (11th Cir. 1997). This analysis balances "the risks inherent in the product design" with the "utility of the designed product" and the "manufacturer's reasonableness in choosing the design." *Id.* Reasonableness is measured by looking to the "probability and seriousness of the risk posed by the design, the usefulness of the design, and the burden on the manufacturer to take the necessary steps to eliminate the risk." *Id.* There is no burden on a manufacturer, however, when an injury is the result of "negligent installation or maintenance occurring after the product left the manufacturer, and the product was sold to a

commercial operator who may reasonably have been expected to be familiar with the dangers resulting from such misuse or neglect." *Id.*

Varazo alleges (again) that the design defect in the bike is Keiser's failure to warn. The district court dismissed the design-defect claim because Verazo gave Keiser no notice of his failure-to-warn theory of liability, and because that theory was not properly before the court. We agree. Verazo makes no allegations that the design posed a heightened risk, or that it was not particularly useful; rather, he claims only that Keiser failed to place a warning on the bike that if it was picked up and carried it could cause injury. Of course, Keiser has a duty to exercise reasonable care in manufacturing its products to make them reasonably safe for intended and foreseeable uses, *Chrysler Corp. v. Batten*, 450 S.E.2d 208, 211 (Ga. 1994), such as using the bike for exercise or moving it with the center-set wheels and latch designed for that purpose. But there is no duty to warn of a "product-connected danger which is obvious or generally known." *Kelley v. Hedwin Corp.*, 707 S.E.2d 895, 898 (Ga. Ct. App. 2011) (quotation omitted). And where the absence of a design flaw is plainly and indisputably shown by the evidence, summary judgment for the manufacturer is appropriate. *Id.*

Here, where Verazo did not include a failure-to-warn allegation in any of his complaints, and where he lifted the bike and carried it—certainly an unintended use that gives rise to obvious risks—Keiser is entitled to summary judgment.

5

We **AFFIRM** the district court on all claims.