[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-11119
Non-Argument Calendar
_____

D.C. Docket No. 3:16-cv-00474-MHT-GMB

MARQUITA MATHEWS,

Plaintiff-Appellant,

versus

WELLS FARGO,

Defendant,

WELLS FARGO BANK N.A.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(January 11, 2019)

Before TJOFLAT, WILLIAM PRYOR and JORDAN, Circuit Judges.

PER CURIAM:

Marquita Mathews appeals *pro se* the summary judgment in favor of her former employer, Wells Fargo Bank N.A., and against her amended complaint that the bank accelerated her date of resignation to retaliate for her complaint that supervisors had harassed her because of her race and gender, in violation of Title VII of the Civil Rights Act of 1964. 42 U.S.C. §§ 2000e-2, 2000e-3. Mathews also complained about race and gender discrimination, a hostile work environment, defamation, failure to promote, unequal terms and conditions of employment, and wrongful termination, but she has abandoned any challenge that she could have made to the summary judgment against those claims. *See Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1318 (11th Cir. 2012). Mathews argues that she established a prima facie case of retaliation and that the district court erred in its evidentiary rulings and by denying her motion for summary judgment. We affirm.

We review *de novo* a summary judgment. *Battle v. Bd. of Regents for the State of Ga.*, 468 F.3d 755, 759 (11th Cir. 2006). Summary judgment is appropriate when there exists no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

2

Title VII prohibits an employer from retaliating against an employee who has opposed an unlawful employment practice. 42 U.S.C. § 2000e-3(a). If a plaintiff establishes a prima facie case of retaliation, a rebuttable presumption arises that the employer has acted unlawfully. *See Alvarez v. Royal Atl. Developers, Inc.*, 610 F.3d 1253, 1264 (11th Cir. 2010). The employer can rebut the presumption by providing a legitimate nondiscriminatory reason for its action. *Id.* "If it does so, the burden shifts back to the plaintiff to produce evidence that the employer's proffered reasons are a pretext for discrimination." *Id.*

Even if we were to presume that Mathews established a prima facie case of retaliation, she failed to prove that the reason Wells Fargo gave for accelerating her resignation was pretextual. Mathews alleged that Wells Fargo accelerated her resignation in retaliation for complaining that supervisors closely monitored her and blamed her for three shortages in her cash drawer because she was a black woman. But Wells Fargo established that it accelerated Mathews' resignation from 14 days to 3 days because of her sequential cash shortages and poor performance. *See id.* at 1264. Mathews' supervisor, Keonte Keith, testified that in May 2015, Mathews had shortages in her cash drawer totaling $960.01 and noticed that she was taking longer than expected breaks on those dates, so he asked Arlene McCants, a service manager, to observe Mathews. And Mathews testified that, several months before shortages occurred in her cash drawer, she had received a

3

notice to improve her performance and an informal warning for refusing her manager's request to stay late to assist customers.

As the district court stated when evaluating Mathews' claim of discrimination, she "failed to meet her burden" to take the "'reason [proffered by Wells Fargo] head on and rebut it.' *Chapman v. AI Transp.*, 229 F.3d 1012, 1030 (11th Cir. 2000)." Mathews does not challenge the finding of the district court that she "only presented speculation to support" her "argu[ment] that Wells Fargo accepted her resignation earlier than she requested to prevent an investigation into her complaints of race and gender discrimination." *See Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005) (quoting from *Hedberg v. Ind. Bell Tel. Co.*, 47 F.3d 928, 931–32 (7th Cir. 1995), that an "unsupported speculation . . . does not meet a party's burden of producing some defense to a summary judgment motion"). Mathews quotes two statements McCants made during a hearing held by the Department of Labor that a human resources representative decided to accelerate Mathews' resignation and that Mathews reported having "some issues . . . with Mr. Keith" that McCants agreed to later "follow up with her," but McCants's statements do not establish that Wells Fargo accelerated Mathews' resignation because of her race or gender.

Mathews argues about evidentiary errors related to her claim of race and gender discrimination, but we need not address those alleged errors because they

4

would not affect the outcome of her claim. Mathews abandoned any challenge that she could have made to the summary judgment against her claim of discrimination "by failing to list or otherwise state it as an issue on appeal." *Hamilton*, 680 F.3d at 1318. Mathews does not dispute that she failed to establish a prima facie case of discrimination. Mathews also fails to explain how any of the alleged evidentiary errors merit a reversal.

The district court did not err by denying Mathews' motion for summary judgment despite determining that her evidence could be admissible at trial. The district court ruled that Mathews' evidence was insufficient "to support her own motion and to demonstrate that she is entitled to summary judgment on any of her claims," and Mathews does not challenge that ruling. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) ("While we read briefs filed by *pro se* litigants liberally, issues not briefed on appeal by a *pro se* litigant are deemed abandoned . . . ."). Mathews fails even to explain how her evidence warranted a summary judgment in her favor.

Mathews argues that Wells Fargo violated her right to due process and equal protection in violation of the Fourteenth Amendment by purportedly interfering with her right to read and sign the transcript of her deposition, but we decline to consider this argument for the same reason as the district court. The district court refused to address Mathews' argument as raised for the first time in opposition to

the motion of Wells Fargo for summary judgment. That decision is consistent with our precedent holding that "a plaintiff cannot amend [her] complaint through argument made in [her] brief in opposition to the defendant's motion for summary judgment." *Miccosukee Tribe of Indians of Fla. v. United States*, 716 F.3d 535, 559 (11th Cir. 2013) (citing *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004)). Mathews does not challenge the ruling that her "claim[] [was] improperly raised . . . for the first time in her summary judgment filings . . . ."

We **AFFIRM** the summary judgment in favor of Wells Fargo.

6