[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 21-10541
Non-Argument Calendar

_____

D.C. Docket No. 1:18-cv-04856-WMR


AIESHA CALLAHAN,

Plaintiff-Appellant,

versus

EMORY HEALTHCARE, INC.,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(September 29, 2021)

Before WILLIAM PRYOR, Chief Judge, JORDAN and GRANT, Circuit Judges.

PER CURIAM:

Aiesha Callahan appeals *pro se* the summary judgment in favor of Emory Healthcare Inc., and against her amended complaint that Emory violated the Family and Medical Leave Act, 29 U.S.C. § 2601, and the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112(a), 12203(a). Callahan complained that Emory violated the Leave Act by interfering with her use of medical leave and by retaliating against her for taking leave when it delayed reassigning her to a comparable position and that Emory violated the Disabilities Act by discriminating against her in her reassignment and by retaliating against her for requesting an accommodation. The district court ruled that Callahan abandoned her claims under the Leave Act and that she failed to establish a prima facie case of discrimination or of retaliation under the Disabilities Act. We affirm.

We review *de novo* a summary judgment, and we view the record in the light most favorable to the non-moving party. *Weeks v. Harden Mfg. Corp.*, 291 F.3d 1307, 1311 (11th Cir. 2002). Summary judgment is appropriate when there exists no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

The district court correctly treated as abandoned Callahan's claims of interference and retaliation under the Leave Act. "[G]rounds alleged in the complaint but not relied upon in summary judgment are deemed abandoned." *Solutia, Inc. v. McWane, Inc.*, 672 F.3d 1230, 1239 (11th Cir. 2012) (quoting

2

*Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 598 (11th Cir. 1995)).

Callahan moved for summary judgment based only on her claims under the

Disabilities Act. And after Emory moved for summary judgment, it became

"incumbent upon [Callahan] to respond by, at the very least, raising in [her]

opposition papers any and all arguments or defenses [she] felt precluded judgment

in [its] favor." *Case v. Eslinger*, 555 F.3d 1317, 1329 (11th Cir. 2009) (internal

quotation marks omitted and alterations adopted). But Callahan failed to respond

with any argument that Emory violated the Leave Act.

The district court did not err by entering summary judgment against

Callahan's complaint that Emory violated the Disabilities Act. Callahan failed to

establish a prima facie case of discrimination by failing to prove that Emory

refused to reasonably accommodate her disabilities, and she failed to establish a

prima facie case of retaliation by failing to prove that Emory took an adverse

action against her. *See Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1255, 1260

(11th Cir. 2001). Emory accommodated Callahan's anxiety and post-traumatic

stress disorders. After Callahan took medical leave and requested a transfer from

her position as a patient liaison in the emergency department to a "less stressful

environment," Emory assigned Callahan an in-house recruiter and retained her as

an employee so she could exhaust her accrued leave with pay and compete with

other internal applicants for job openings. A human resources officer invited

3

Callahan to interview for a comparable job, which she rejected, and within a couple of weeks found her a comparable position as a visitor and outpatient liaison with identical pay, which she accepted. Callahan's supervisors also granted her request for a mentor and advised her how to interact with coworkers, including a security officer she disliked. After Callahan disparaged the officer and inappropriately advised clinicians how to care for their patients, her supervisors gave her a written warning, but it had no "tangible, negative effect on [her] employment" because another company officer later rescinded the warning. *See id.* at 1261. The warning too was unrelated to Callahan's medical conditions. Callahan's supervisors testified and she conceded that they were unaware of her medical conditions and disciplined her for her misconduct with coworkers.

Callahan argues that Emory "discriminated against her by failing to hire her for all [the] jobs she applied for," but Callahan alleged in her complaint that Emory violated the Disabilities Act by delaying her return to work. We cannot consider a failure-to-hire claim that Callahan failed to develop in the district court. *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004) ("This Court has repeatedly held that an issue not raised in the district court and raised for the first time in an appeal will not be considered by this court."). And Callahan could not amend her complaint to add a claim by alluding to "forty-two counts of failure to hire" in her opposition to Emory's motion for summary judgment. *See Gilmour*

4

*v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004) ("A plaintiff may not amend her complaint through argument in a brief opposing summary judgment.").

We **AFFIRM** the summary judgment in favor of Emory Healthcare.