[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-12265

Non-Argument Calendar

_____

JESSE REGALADO,

Plaintiff-Appellant,

*versus*

DIRECTOR, CENTER FOR DISEASE CONTROL,
DIRECTOR, NATIONAL INSTITUTE OF ALLERGY AND
INFECTIOUS DISEASES,
PRESIDENT OF THE UNITED STATES,
COMMISSIONER, U.S. FOOD AND DRUG
ADMINISTRATION,

Defendants-Appellees.

—————————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 4:22-cv-00002-TCB

—————————————

Before LUCK, BRASHER, and BLACK, Circuit Judges.

PER CURIAM:

Jesse Regalado appeals the district court's dismissal of his *pro se* 42 U.S.C. § 1983 complaint challenging the constitutionality of the Occupational Safety and Health Administration's Emergency Temporary Standard (ETS) vaccine mandate.[1]  On motion by the defendants, the district court dismissed the action for lack of jurisdiction, stating the claims were moot, Regalado lacked standing, and sovereign immunity barred the action.  After review,[2] we affirm.[3]

---

[1] The ETS vaccine mandate required employers with at least 100 employees to require workers to receive a COVID-19 vaccine, but it was withdrawn on January 26, 2022.  COVID-19 Vaccination and Testing: Emergency Temporary Standard, 87 Fed. Reg. 3928 (Jan. 26, 2022).

[2] We review mootness and standing determinations *de novo*.  *Tanner Adver. Grp., L.L.C. v. Fayette Cnty.*, 451 F.3d 777, 784 (11th Cir. 2006) (*en banc*).

[3] We DENY Regalado's Motion for Summary Judgment as summary judgment is not an available remedy for a party's failure to file an appendix.

## I. MOOTNESS

Regalado asserts the district court erred by concluding his claims were moot because a different mandate, the Centers for Medicare and Medicaid Services (CMS) mandate that applies to employees of Medicare and Medicaid providers, was upheld by the Supreme Court.[4]

Jurisdiction of federal courts is limited by the Constitution to "cases" and "controversies." U.S. Const. art. III, § 2. "The rule that federal courts may not decide cases that have become moot derives from Article III's case and controversy requirement." *Sierra Club v. U.S. E.P.A.*, 315 F.3d 1295, 1299 (11th Cir. 2002). "Dismissal of a moot case is required because mootness is jurisdictional." *Id.* "A case becomes moot—and therefore no longer a Case or Controversy for purposes of Article III—when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Atheists of Fla., Inc. v. City of Lakeland*, 713 F.3d 577, 593-94 (11th Cir. 2013) (quotation marks omitted).

The district court did not err in concluding Regalado's claims were moot. First, the ETS mandate was withdrawn and Regalado's claims stemmed from this mandate. *Atheists of Fla.*, 713 F.3d at 593-94. Regalado's shift to rely on the CMS mandate does not salvage this jurisdictional requirement because claims about

---

[4] The CMS Omnibus COVID-19 Health Care Staff Vaccination Rule, which applies to employees of Medicare and Medicaid providers, did go into effect. *Biden v. Missouri*, 142 S. Ct. 647, 652 (2022).

the CMS mandate were never properly before the district court as he only raised them in opposition to the motion to dismiss and did not seek leave to amend his complaint. *See Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004) ("A plaintiff may not amend her complaint through argument in a brief opposing summary judgment."). While the CMS mandate is still in effect, the ETS mandate—the only mandate raised in Regalado's complaint—is not. There cannot be an active case or controversy over a mandate that never went into effect because the issues are no longer live. *Atheists of Fla.*, 713 F.3d at 593-94.

## II.  STANDING

Regalado also contends the district court erred by finding he failed to allege a cognizable injury, because after he finishes graduate school, he is likely to be employed in the healthcare field and the CMS mandate will limit his employment opportunities because his personal medical conditions prevent him from getting the COVID-19 vaccine.

"The core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). The plaintiff bears the burden to show each element of standing, including "an injury in fact, meaning an injury that is concrete and particularized, and actual or imminent." *Tanner Adver. Grp., LLC v. Fayette Cnty.*, 451 F.3d 777, 791 (11th Cir. 2006 (*en banc*). In addition, "[b]ecause injunctions regulate future conduct, a party has standing to seek injunctive relief only if the party

22-12265                Opinion of the Court                5

alleges, and ultimately proves, a real and immediate—as opposed to a merely conjectural or hypothetical—threat of *future* injury." *Wooden v. Bd. of Regents of Univ. Sys. of Ga.*, 247 F.3d 1262, 1284 (11th Cir. 2001) (quotation marks omitted).

Reviewing his standing *de novo*, Regalado failed to allege an injury that was concrete, particularized, and actual or imminent because he did not allege the ETS mandate applied to him or would soon apply to him. *Wooden*, 247 F.3d at 1284. Regalado's arguments he was impacted by the CMS mandate do not confer standing.

Accordingly, we affirm the district court because Regalado's claims are moot and he lacks standing.[5]

**AFFIRMED.**

---

[5] Regalado also asserts the defendants are not entitled to sovereign immunity because of alleged wrongdoing related to the COVID-19 virus and vaccine. As Regalado's claims are moot and he lacks standing, we need not address sovereign immunity.