[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-12327

Non-Argument Calendar

_____

EVRETT JAMES,
VERONICA ELLERBE,

Plaintiffs-Appellants,

*versus*

MARRIOTT VACATIONS WORLDWIDE CORPORATION,
d.b.a. The Westin St. John,

Defendant,

WESTIN ST. JOHN HOTEL COMPANY, INC.,

2                    Opinion of the Court                    22-12327

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:20-cv-00429-WWB-GJK

_____

Before WILSON, LUCK, and ANDERSON, Circuit Judges.

PER CURIAM:

Evrett James and Veronica Ellerbe sued Westin St. John Hotel Company for racial discrimination and retaliation under section 1981 and Title VII.[1] The district court granted summary judgment for Westin on James and Ellerbe's discrimination claims because: they did not present direct evidence of racial discrimination; they did not meet their burden to establish a circumstantial case of racial discrimination under the *McDonnell Douglas*[2] burden-shifting framework; and they did not establish a convincing mosaic of circumstantial evidence that would allow a jury to infer intentional

_____

[1] James and Ellerbe raised hostile-work-environment, wage discrimination, and failure-to-promote claims for the first time in their response to Westin's summary judgment motion, but "plaintiff[s] may not amend [their] complaint through argument in a brief opposing summary judgment." *See Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004) (citation omitted).

[2] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

22-12327                Opinion of the Court                3

discrimination.  The district court granted summary judgment for Westin on the plaintiffs' retaliation claims because:  Ellerbe did not suffer an adverse employment action; James and Ellerbe did not show that any adverse action was a pretext for retaliation; and they did not establish that the desire to retaliate was the but-for cause of the adverse action.

James and Ellerbe appeal the summary judgment for Westin, but even giving their brief a liberal reading, as we are required to do, *see Evans v. Ga. Reg'l Hosp.*, 850 F.3d 1248, 1253 (11th Cir. 2017), they have failed to provide any arguments "specifically and clearly" explaining why the district court erred in its summary judgment order.  *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004). They cite and quote a wide array of discrimination law, from this court and others, but their brief makes no attempt to connect those cases to this case.  This is fatal because an "argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed."  *Id.*  So we must affirm.[3]

**AFFIRMED.**

---

[3] James and Ellerbe's brief also hints at new claims under Florida state law, the Equal Pay Act, and the Human Rights Act of 1977.  But the plaintiffs "cannot amend the complaint by arguments made in an appellate brief."  *Adams ex rel. Kasper v. Sch. Bd. of St. Johns Cnty.*, 57 F.4th 791, 799 n.2 (11th Cir. 2022) (en banc).